Wood vs. Aldrich.

## WOOD vs. ALDRICH.

*Exceptions.*— *Jury may take written charge to their room.*

1. An exception " to the charge, and each and every part of it," is only a *general* exception, and is of no avail unless the entire charge is erroneous.

2. It is not error to permit the jury to take to their room the written charge of the court.

APPEAL from the Circuit Court for *Kenosha* County.

The defendant appealed from a judgment for the plaintiff.

*O. S. Head,* for appellant.

*F. S. Lovell* and *Bennett & Ullman,* for respondent.

PAINE, J. We have not been favored with any brief by the appellant in this case, and, with such light as we can get from the case and the brief of respondent's counsel, we have not been able to discover any error.

The charge seems entirely fair and correct. But there is no sufficient exception to it to raise here any question as to the correctness of its several propositions. The exception is the old stereotyped one, "to the charge, and each and every part of it." It has been often held that the addition of the last clause does not make the exception any thing more than a mere gen-

eral one. And that is of no avail unless the entire charge is erroneous.

The bill of exceptions does not purport to contain all the evidence, and, therefore, even if that which does appear did not justify the ruling of the court on the motion for a new trial, it would be presumed that there was other evidence which did.

The fact that the jury were permitted to take with them the written charge of the judge when they retired, furnished no reason for a new trial. If there is any error in the charge, that is good ground for a reversal, if excepted to. But if there is no error in it, there seems no reasonable ground for objecting to the jury's being allowed to examine it, if they desire to do so, during their deliberations. Even if there is error in it, it is still the law that has been given them and by which they are bound. And the only result of allowing them to examine it for themselves would seem to be, that they would know more thoroughly its precise terms than they could if compelled to trust entirely to recollection after hearing it read once. This can work no prejudice to either party.

*By the Court.*— The judgment is affirmed.