## The City of Olathe v. Elvira Mizee.

1. City — *Excavation in Street* — *Liability for Negligence.* Where an excavation is made by the city authorities in the public street of a city, the end of which extends up to a narrow cross-walk at an intersecting street, and it is left over night uncovered and without guards or danger signals, and a woman, in crossing the street over the cross-walk, meets parties who do not see her or do not turn aside to let her pass, and she, to avoid collision, diverges from the cross-walk, and, without any knowledge of the excavation, falls therein and is hurt, she may recover from the city for the injury sustained; and the fact that the strangers whom she met did not yield the cross-walk, and that they caused her to step aside and into the excavation, does not preclude such recovery.

2. ——— *Rights of Pedestrian.* A pedestrian is not confined to a cross-walk, but has a right to assume that all parts of the street intended for travel are reasonably safe; and, if he knows of no dangerous excavations or obstructions, he may cross the street at any point that suits his convenience without being liable to the imputation of negligence.

*Error from Johnson District Court.*

THE opinion contains a sufficient statement of the case.

*S. T. Seaton,* for plaintiff in error.

*John T. Little,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by Elvira Mizee against the city of Olathe, to recover for personal injuries sustained by her in falling into an excavation in a public street of the city of Olathe, which was left uncovered and unguarded. She was injured in the night-time, while crossing Kansas avenue at its intersection with Park street, and while passing along on the south side of Park street. An excavation was made by the city, under the direction of the street commissioner, about 20 inches deep and 20 inches wide, for the purpose of laying a drain pipe to carry off water along the east side of Kansas avenue. It extended from the cross-walk on the south side of Park street southward. The cross-walk was constructed of two rows of stone, each of which was 20 inches wide, with an intervening space between them of 20 inches. The ditch, which extended up to this cross-walk, was left unguarded; and the plaintiff, in attempting to pass along the cross-walk, met parties going in an opposite direction, and, stepping aside to allow them to pass, she fell into the ditch and sustained the injuries complained of. The jury awarded her $800, and the city complains, and assigns several rulings of the court as error.

An exception was taken to the admission of testimony in regard to the placing of a light at the ditch by the city marshal subsequent to the occurrence of the injury. It was con-

tended that it was offered to show negligence on the part of the city and an admission that such a precaution should have been taken prior to the accident. On the other side, it was said that it was not offered for that purpose, but that as one witness had incidentally remarked that there was a light there, the testimony was introduced merely to show that it was not there when the injury occurred, and to prevent the inference that Mrs. Mizee, by the aid of such light, should have seen and avoided the excavation. Whatever may have been the purpose of the parties in respect to this testimony, it is unimportant in this case, and the objection made is immaterial. The negligence of the city in the matter is undoubted. To leave such a dangerous excavation in a public thoroughfare of the city, and close to a much-used walk, without guards, barriers, lights, or danger signals, is a marked case of carelessness. It would be clearly negligence to leave such a ditch uncovered and unguarded in the day-time; but for the city authorities to permit such a pitfall to remain open and without lights or guards in the night-time, with full knowledge of its dangerous character, is gross carelessness. There is no dispute as to the existence, location and character of the excavation; and hence the ruling of the court upon the admission of testimony respecting the negligence of the city is unimportant. If the question of negligence on the part of the city had been in issue, the court would have been justified in admitting the testimony. (*Railroad Co. v. Chase,* 11 Kas. 47; *Railroad Co. v. Retford,* 18 id. 245; *City of Emporia v. Schmidling,* 33 id. 485; *Railway Co. v. Weaver,* 35 id. 412; *City of Abilene v. Hendricks,* 36 id. 196; *Railroad Co. v. McKee,* 37 id. 592.)

Complaint is made of the refusal of an instruction requested by the city, that if it was found from the evidence "that the injury complained of was caused by the negligence of the city, combined with the negligence of a third party, for whose acts the city was not responsible, and would not have happened but for the acts of such third party, then the city is not liable, and you must find for the defendant." The request was based upon testimony to the effect that Mrs. Mizee

stepped from the cross-walk to avoid a collision with persons who were approaching her on the walk from the opposite direction. The testimony in the case is not such in our opinion as to require a statement of the rule with reference to the proximate and remote causes of the injury. It is not of such a character that it can be said that the injury would not have occurred but for the negligence of the persons who met and passed her upon the street. There is nothing to indicate any negligence on their part. They did not jostle or push her. She was carrying large bundles in her arms, and, as they did not appear to see her in the darkness as they approached, she stepped aside in order to allow them to pass. If they had seen her, and stepped aside, it is quite probable that they would have suffered the same misfortune which befell her. Even if the testimony warranted an instruction upon the subject of concurring negligence, the one requested by the city does not correctly state the law. (*Village of Carterville v. Cook,* 129 Ill. 152; *Webster v. Railroad Co.,* 38 N. Y. 260; *Ring v. City of Cohoes,* 77 id. 83; *Railroad Co. v. Mahoney,* 57 Pa. St. 187; *Burrell v. Uncapher,* 117 id. 353; *Smith v. Railroad Co.,* 46 N. J. L. 7; *Winship v. Enfield,* 42 N. H. 197; *Railroad Co. v. Terry,* 8 Ohio St. 570; *Hunt v. Pownal,* 9 Vt. 411; *Taylor v. City of Yonkers,* 18 Am. & Eng. Cor. Cases, 266; Patt. Rly. Acc. Law, §§ 39, 95; Shear. & R. Neg., §§ 31, 36, 346.)

The proximate cause of the injury was the negligence of the city. It was its duty to keep, not only the cross-walks, but the entire width of the street in a reasonably safe condition for both pedestrians and teams. It was one of the principal thoroughfares of the city, and in the absence of any guards, lights, or notices of danger, Mrs. Mizee had a right to presume that all parts of it could be traveled with safety. A divergence or departure from the cross-walks is ordinarily not an evidence of want of care. Pedestrians have a right to cross a street at any point, and it is the common practice to do so. A difference in this respect exists between sidewalks and cross-walks, as the former are for pedestrians only, while the latter

are placed on a level with the street and are traveled over by both foot passengers and vehicles. The cross-walk in question was narrow, consisting of two rows of stones; but the plaintiff was not restricted to picking her way across the street on these stones; and if she had crossed at another point where the open ditch was met, and, without negligence on her part, had fallen therein, she might have recovered for her injuries.

"A person desiring to cross the street, either in the night-time or in the day-time, is not confined to a crossing. He has a right to assume that all parts of the street intended for travel are reasonably safe; and if in the night-time he desires to cross from one side to the other, and knows of no dangerous excavations in the street, or other obstructions, he may cross at any point that suits his convenience, without being liable to the imputation of negligence." (*Brusso v. City of Buffalo*, 90 N. Y. 679; also *Raymond v. City of Lowell*, 6 Cush. 524.)

The city assigns as error the refusal of the court to require more specific answers to several questions. One of them was: "Could the plaintiff have remained upon the cross-walk by the use of ordinary care?" Another was: "Would she have been injured if she had passed to the right of the walk?" In response to these questions, the jury answered: "No evidence." From what has been said it will be readily seen that there is no materiality in either of the questions.

Some other objections are made, but they are not of sufficient importance to require consideration or comment.

We think the case was fairly tried, and that a just result was reached. Judgment affirmed.

All the Justices concurring.