NICHOLS, Respondent, vs. JUNG SHOE COMPANY, Appellant.

*February 22—March 10, 1908.*

*Landlord and tenant: Private way: Invitee: Evidence: Sufficiency: Contributory negligence.*

1. In an action for injuries sustained by falling down a basement stairway while using an adjoining private way leading from premises leased by defendant to plaintiff, the evidence is *held* sufficient to support a special finding that plaintiff used the way as the express invitee of defendant.

2. Whether plaintiff was guilty of contributory negligence in falling down a basement stairway while using an adjoining private way on a dark, rainy night is for the jury, and the evidence in this case is *held* sufficient to support the special finding of no contributory negligence.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Francis Williams,* and for the respondent on that of *A. C. Prescott.*

TIMLIN, J.  The plaintiff was a tenant of the defendant corporation and sustained injuries by falling into a basement stairway on a dark night while leaving his leased residence on some ordinary errand by a private way extending along the south side of the defendant's store and warehouse from the west line of plaintiff's leased premises east to North Eighth street in the city of Sheboygan.  The jury returned a special verdict finding, among other things, that the defendant by its secretary, Otto Jung, for the purpose of continuing the mutual relation then existing between defendant and plaintiff as landlord and tenant, did invite the plaintiff to use as a way of travel to and from the premises leased to him by defendant the open space extending from east to west along the south side of defendant's warehouse building and across block 182 in said city.  It was also found that no failure on the plaintiff's part to exercise or-

dinary care contributed to cause the injury which he sustained. These two findings of the jury are challenged as without support in the evidence.

The plaintiff had occupied for many years as tenant a certain residence fronting south on a public street and north upon an alley. It was nearer and more convenient for plaintiff to pass from the rear of his premises to the alley on the north and he was accustomed to do so. The defendant began and completed the erection of a large building which obstructed plaintiff's access to this alley, and some remonstrance on the part of the plaintiff and discussion with the defendant's officers ensued. The defendant graded a strip of land resembling a way leading from the plaintiff's premises along the south side of appellant's building to Eighth street, and there is evidence that this way or strip was used by the plaintiff and other tenants of the defendant, and that stairs were built by defendant from the rear of the demised premises to facilitate the use of this way. In this way, at a point about 100 feet east of the plaintiff's residence, the appellant built a stairway leading down into the basement of its building, into which the plaintiff fell when he sustained his injuries. The president of the defendant admitted or stated to several persons that this way was made for the convenience of the plaintiff. A short time before he sustained his injuries the plaintiff called at the office of the defendant for a key to enable him to go out through a locked gate in that direction, and he was told by the secretary of the defendant that it was just as convenient for plaintiff to come out of his back door down his back steps and along the south side of the building. The following view of these facts and circumstances quoted from respondent's brief seems to us substantially correct:

"Perhaps the naked words of Otto Jung that it was just as handy for the plaintiff to come out of his back door, down his back steps, and along the south side of the building do

not amount to an invitation, under the rule in *Muench v. Heinemann* [119 Wis. 441, 96 N. W. 800] ; but, in the light of all the facts and circumstances surrounding the parties, the words become an unequivocal invitation to use the way south of the building. The new way was not of the plaintiff's seeking. He did not ask for it. He did not need or want it. The appellant closed the old way on its own motion and for its own purposes, and in exchange invited the plaintiff to use the new way, which was just as convenient for him, and if he did not want to accept this exchange of private ways he could leave. This was the appellant's ultimatum. The plaintiff, then, at the time he sustained the injuries, was using this way south of the appellant's building as its express invitee, and which the jury properly so found."

With reference to the evidence of contributory negligence the case is a close one. On a dark, rainy night the plaintiff accompanied his daughter along this means of exit, carrying a valise in one hand and in the other holding an umbrella over himself and his daughter. His daughter also helped hold the umbrella. This umbrella was carried pretty well in front of them, and the plaintiff was looking down to see that he was on the path, and he thought he was on the path, but was not looking ahead in the direction in which he was going, probably on account of the wind and rain. While walking in this way plaintiff "stubbed his toe" against the west wall of the basement stairway and fell into it.

The question of contributory negligence is peculiarly a question for the jury. Individual experiences are so variant and individual opinions so divergent that it would be quite confusing were individual judges to substitute in a given case their notions of what ordinarily prudent people might do under similar circumstances for the verdict of the jury. Only in clear cases can any such thing be done. This case is not so clear. We think there was evidence from which the jury

might have found that the plaintiff was not guilty of any want of ordinary care.

*By the Court.*—The judgment of the circuit court is affirmed.