HAKENSON, Respondent, vs. CITY OF NEILLSVILLE, imp., Appellant.

*February 20—March 11, 1913.*

*Municipal corporations: Injury from defective sidewalk: Negligence: Contributory negligence: Evidence: Special verdict: Jury: Taking judge's charge to jury room: Damages.*

1. In an action against a city for personal injuries sustained in a fall upon a sidewalk, the evidence is *held* to sustain findings by the jury to the effect that the sidewalk was defective and

out of repair in that the outer edge was six inches higher than the inner edge and that a slippery ridge of ice and snow three inches thick had existed thereon near the outer edge for three weeks immediately preceding the accident.

2. Upon the evidence in such case—showing, among other things, that the walk was extensively used by the public and had been so used for a considerable time while in said condition; that a portion of it sufficiently wide for pedestrians to use was clear of snow and ice; and that plaintiff was using it in the accustomed way, when she met another traveler, necessarily stepped aside, and was thus brought upon the icy portion—it is *held* that she was not guilty of contributory negligence as matter of law, even though she may have known the condition of this walk and that the walk on the other side of the street was safe.

3. Refusal to submit in the special verdict a question as to whether or not anything diverted plaintiff's attention at the time she fell was not error, that matter being necessarily embraced in the question submitted as to her contributory negligence.

4. It is not prejudicial error to permit the jury to take the written charge with them into the jury room.

5. Where plaintiff suffered a partial dislocation of her hip joint, a fracture of the neck of the femur, and a permanent shortening of the leg of about an inch; was confined to her bed for many weeks; had to use crutches for more than a year thereafter; was unable to perform her accustomed labor except a part of her household duties; and suffered pain in a degree usually attending such injuries, an award of $2,750 was not excessive and should not be disturbed.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries received by the plaintiff on Saturday, February 5, 1910, by slipping and falling upon an alleged defective sidewalk on one of the streets of the defendant city.

Plaintiff was injured on the sidewalk on the east side of Hewitt street, in front of the "old Taplin foundry." The street in front of the foundry building had been filled two or three feet and the filling slanted off under the building to the natural level of the ground. The building rested on posts and was close to the edge of the walk, which was five feet four

inches wide and laid on top of the filling. The alleged insufficiency and want of repair of the walk was that the walk was not level in its width, that the outer edge of the walk was ten inches or a foot higher than the inner edge, and that a ridge of snow and ice had accumulated on the outer edge of the walk.

About 4 o'clock in the afternoon of the day of the accident the plaintiff passed over this walk on her way to town. In passing by the place of accident she went close to the foundry building, on the inner edge of the walk, where, it is admitted, there was a clear path about a foot in width. On her return, about 7 o'clock in the evening, she met some one at this place and stepped toward the outer edge of the walk. The plaintiff testified that it was dark and that she was expecting her daughter to come to meet her and that she was looking closely at the passer-by to ascertain whether or not it was her daughter; that she slipped and fell and sustained a fracture of the bones of the hip. She was confined to her bed for two months, was unable to work for months thereafter; it was necessary for her to use crutches for fifteen or sixteen months, and she could do but little up to the time of trial. The injury resulted in a permanent shortening of the plaintiff's leg of almost an inch.

There was evidence in behalf of the plaintiff that during the previous summer the walk at the place of accident was not level, that the outer edge was about a foot higher than the inner edge, that this condition existed up to the time of the accident, that the walk was not cleaned of snow and ice during the winter, and that the ridge of ice, variously estimated as from six inches to a foot in thickness, had accumulated at the outer edge of the walk and existed during the winter, and specifically for the previous month.

In behalf of the defendant city there was evidence that the walk had been repaired and made level during the preceding October, that on the Monday following the accident the walk

was practically clear of snow and ice and that there was no ridge of snow and ice on the outer edge, and that measurements and a photograph taken on February 12, 1910, showed the walk to be level and that there was no ridge of ice. There was evidence also by a witness for the defendant owner of the foundry property that he had cleaned the walk of snow during the winter.

In plaintiff's behalf there was evidence that on the Monday morning following the accident there was fresh sawdust on the walk and about the place of accident, that some blocking under the walk appeared freshly sawed, and that burned matches about the place indicated that the walk had been repaired during the night, and that the snow which had been cleaned from the walk appeared to have been lately removed and thrown off the walk.

The court dismissed the action as to the owner of the foundry property.

The jury by a special verdict found that the outer edge of the walk at the time of accident was six inches higher than the inner edge; that a slippery ridge of ice and snow three inches thick had existed on the sidewalk continuously for three weeks preceding the accident; that the sidewalk at the place of injury for three feet from the inner edge was not sufficiently cleared of snow and ice to render it reasonably safe for public travel; that the insufficiency and want of repair of the sidewalk had existed so long that in the exercise of ordinary care the defendant city should have discovered and have repaired it before the injury; that the insufficiency and want of repair were the proximate cause of the injury; that the plaintiff was not guilty of contributory negligence; and that $2,700 would compensate the plaintiff for her injuries.

This is an appeal from the judgment on the verdict.

*George L. Jacques,* for the appellant.

For the respondent there was a brief by *J. R. & C. R. Sturdevant,* and oral argument by *C. R. Sturdevant.*

Siebecker, J.   The defendant contends that the court erred in denying its request to award judgment dismissing the plaintiff's complaint, because the evidence does not sustain the jury's finding to the effect that the sidewalk was insufficient and in want of repair at the time of accident from a downward incline of the boards from the outer to the inner edge thereof and that there was on the walk, near the outer edge, a ridge of ice and snow three inches thick which had existed for the three weeks immediately preceding the happening of plaintiff's injuries.   An examination of the record discloses that eight witnesses testified directly, in effect, that they repeatedly observed these defects in the walk for three months before the day of accident and for the two following days. As to the particularity of their observation, several of them testify to having specifically and repeatedly taken notice of the uneven condition of the walk while passing over it before the accident, and several of them testify to going to the place of accident early in the morning on the day following the evening when the accident happened and to the particularity of the inspection they then made, and they state that they found these defects of the slant of the boards in the walk and the presence of the ridge of ice and snow on the boards near the outer edge thereof, as claimed by the plaintiff.   The direct evidence of the numerous witnesses who testify to the contrary is not of a nature and of such weight as to raise a question of law upon these issues.   This conflict in the evidence presented questions involving the credibility of witnesses and the weight of evidence, and hence were peculiarly for solution by the jury.   The trial court properly submitted such issues to them, and ruled correctly in refusing to disturb their findings as to these issues after verdict.   The evidence is in its nature of the usual character and is so clearly sufficient to warrant the jury's conclusion that it is not deemed necessary to repeat it here.

It is contended that the court erred in dismissing the action

as to the defendant Taplin, the owner of the property on which the walk rested. There is no evidence tending to show that he is primarily liable on account of the defects in the walk, and hence the court properly dismissed the action as to him.

The defendant urges that the evidence shows that plaintiff was guilty of contributory negligence as matter of law. This claim is made on the ground that it is without dispute that she had knowledge of the condition of the walk and that she carelessly undertook to use it when she knew the danger of using this walk and also that the walk on the opposite side of the street was in a safe condition for travel and available to her. It appears that the walk was extensively traveled by the public and for a considerable period of time was so used while it was in the same condition as at the time of accident; that a portion of it, sufficiently wide for pedestrians to use, was clear of snow and ice; and that plaintiff was using it in the accustomed way when she met another traveler, necessarily stepped aside, and was thus brought onto the icy portion. We discover nothing in the facts and circumstances of her conduct which conclusively shows her to have been negligent. Contributory negligence is a defense which must be affirmatively shown. *Sweetman v. Green Bay,* 147 Wis. 586, 132 N. W. 1111. The finding of the jury on this issue must stand. *Nichols v. Jung S. Co.* 135 Wis. 129, 115 N. W. 334; *Zoellner v. Fond du Lac,* 147 Wis. 300, 133 N. W. 35.

It is urged that the court's instructions were misleading, confusing, and incorrect. We have examined the charge and find it clear and definite, that it covers the issues fully, and states the rules of law applicable to the case correctly. There was no prejudicial error committed by the court in permitting the jury to take the written charge into the room where they deliberated upon their verdict. *Wood v. Aldrich,* 25 Wis. 695; *Loew v. State,* 60 Wis. 559, 19 N. W. 437.

The exception to the refusal of the court to submit in the

special verdict a requested question, on the point whether or not anything diverted plaintiff's attention at the time she fell, is not well taken, since the inquiry was necessarily embraced in the question submitted on the issue of plaintiff's contributory negligence. It is presumed that the jury considered this subject and found nothing in her action at this precise time inconsistent with their finding that she was not guilty of contributory negligence.

Nor did the court err in receiving the evidence of the witness Southard over defendant's objection. He was a competent witness on the matters testified to by him and they were relevant and material to the issues.

The jury awarded the plaintiff the sum of $2,750 as compensatory damages. The evidence tended to show that plaintiff suffered a partial dislocation of her hip joint, a fracture of the neck of the femur, and a shortening of the leg of from three quarters of an inch to an inch. She was confined to her bed for many weeks; had to use crutches for over a year thereafter; was unable to do her accustomed labor, except a part of her household duties; and suffered pain in a degree usually attending such injuries. We cannot disturb the amount of the damages as excessive.

The record is free from error affecting any substantial right of the defendant.

*By the Court.*—Judgment affirmed.