FRIEDRICH, Appellant, vs. BOULTON, Respondent.

*October 6, 1916—January 16, 1917.*

*Negligence: Personal injury: Contributory negligence: Questions for
jury: Automobiles: Collision with bicycle: Law of the road.*

1. Where the evidence in a personal injury action for negligence is
   conflicting, or where the inferences to be drawn therefrom are
   doubtful and uncertain, the questions of negligence are for the
   jury.
2. A nonsuit in an action for a personal injury on the ground of neg-
   ligence is only proper when there is an entire want of evidence
   tending to show that defendant was negligent or when the evi-
   dence conclusively shows that the plaintiff's negligence contrib-
   uted to produce the injury.
3. In an action for injuries sustained in a collision between plaint-
   iff's bicycle and defendant's automobile, the questions of de-
   fendant's negligence and plaintiff's contributory negligence are
   *held* to have been for the jury.
4. In such a case plaintiff cannot be said, as a matter of law, to have
   been negligent in riding his bicycle on a path eleven feet from
   the right-hand curb, if the other parts of the street afforded am-
   ple space for all other vehicles and travelers to use the street
   without colliding with him, although a city ordinance required
   that he "keep to the right and as near the right-hand curb as
   possible."

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

This action is brought by the plaintiff to recover damages
for personal injuries sustained by him because of a collision
with defendant's automobile.

The Sixth-street viaduct in the city of Milwaukee runs
north and south over the Menomonee river. The draw over
the river consists of a north and south lift. Two sets of
street-car tracks, used by the Chicago & Milwaukee Electric
Railroad, run across this viaduct. The distance between the
two center rails is six feet and two inches; the distance be-
tween the rails of each set of tracks is four feet and ten

inches; and the distance between the outer rails and the curb is eleven feet and one inch.    The entire width of the viaduct is therefore thirty-eight feet.

On or about October 11, 1912, the plaintiff was riding a bicycle going north on the viaduct and the defendant was driving a roadster automobile going south on the viaduct. Both were approaching the north line of the north lift when they collided and the plaintiff was injured.    The only testimony as to what happened at the time of the accident or immediately prior thereto is that of the parties themselves, and it is in sharp conflict.    Plaintiff testifies in effect that he was riding a foot or two east of the easterly rail going north; that there were two coal wagons closely following one another going south on the west side of the viaduct on the west tracks; that when plaintiff reached a position about opposite from the most southernmost coal wagon the defendant shot out from the rear of the northerly coal wagon and crashed into the plaintiff; that when the automobile was stopped it was straddling the most easterly rail of the easterly tracks.    The defendant testifies in effect that he was going south on the viaduct and on the west side of the same; that he turned toward the center of the viaduct to pass the two coal wagons.    Defendant locates the coal wagons differently from plaintiff, as can be seen from the accompanying diagram.    He testifies that he first observed plaintiff when plaintiff was west of the westerly car track and that plaintiff then crossed over the west tracks wobbling considerably and came up the center of the track in an undecided manner and shot over in front of defendant in an attempt to pass between the defendant and the northerly coal wagon; that he (defendant) was practically at a standstill at the time of the accident; that the westerly rear wheel of the automobile was east of and not quite up to the east rail of the west tracks; that there was room for the south-bound street car on the west tracks to pass with about a foot to spare, and that the car extends over the tracks about

a foot. The bridge tender and the motorman of the passing street car corroborate plaintiff's testimony as to the position of the automobile after the accident.

The diagram is inserted to aid in understanding the effect of the testimony of the plaintiff and defendant.

KEY TO SKETCH.

| | |
|---|---|
| L–M | South-bound car tracks. |
| N–O | North-bound car tracks. |
| B & D | Coal wagons as located by defendant. |
| R & S | Coal wagons as located by plaintiff. |
| T–T–T | Plaintiff's course as described by himself. |
| Y | Point of collision as described by plaintiff. |
| F | Point of collision as described by defendant. |
| Y–Z | Defendant's course as described by plaintiff. |
| G–H–I | Plaintiff's course as described by defendant. |
| F–J–K | Defendant's course as described by himself. |

At the close of the plaintiff's case the defendant moved for a nonsuit. The court granted a judgment of nonsuit on the ground that the evidence showed as matter of law that plaintiff was guilty of contributory negligence. From such judgment this appeal is taken.

For the appellant the cause was submitted on the brief of *Lorenz & Lorenz.*

For the respondent there was a brief by *Doerfler, Green & Bender,* and oral argument by *T. H. Sanderson.*

The following opinion was filed October 24, 1916:

SIEBECKER, J. The trial court held that the evidence showed as matter of law that the plaintiff was guilty of contributory negligence. It is well established that if the evidence in a personal injury action for negligence is conflicting, or if not, if the inferences to be drawn therefrom are doubtful and uncertain, then the questions of negligence are for a jury. The plaintiff is also entitled to the benefit of every fact reasonably inferable from the evidence. The burden of

Friedrich v. Boulton, 164 Wis. 526.

proving negligence in such cases rests on the defendant. *Clary v. C., M. & St. P. R. Co.* 141 Wis. 411, 123 N. W. 649. A nonsuit in an action to recover damages for a personal injury on the ground of negligence is only proper when there is an entire want of evidence tending to show that defendant was negligent or when the evidence conclusively shows that the plaintiff's negligence contributed to produce the injury.

A study of the record before us fails to sustain the trial court's conclusion that the evidence conclusively shows that the plaintiff was guilty of contributory negligence. The evidence of the parties is in sharp conflict on nearly all the evidentiary facts bearing on the question of plaintiff's position on the street, the course he took in riding his bicycle northward, the speed he traveled, the distance he was from the defendant when first he observed defendant coming from behind the coal wagon, the location of the coal wagons, and other detailed facts pertinent to the inquiries whether or not plaintiff and defendant were guilty of negligence and whether such conduct had any proximate causal relation to the collision. The foregoing statement in connection with the accompanying diagram shows that this evidence of the parties and other witnesses on these points was in irreconcilable conflict. Upon the statements and inferences most favorable to plaintiff under the evidence adduced the jury would have been justified in finding that plaintiff was riding on his bicycle on a path east of the most easterly street-car track along the line T–T about eleven feet from the easterly curb of the street, and when at the point Y the defendant suddenly "shot" from behind the coal wagon, S, with his automobile, and ran directly into plaintiff at the point T–Y and injured him. Plaintiff's description of the whole transaction also permits of the inference that he had neither time nor opportunity to meet this sudden emergency and avoid the defendant's car. It was also a jury question whether or not plaint-

iff was negligent in riding on the path he did in view of the conditions of the street, the other vehicles that were going over the viaduct at this time, and the requirements of the ordinance that he "keep to the right and as near the right-hand curb as possible." It cannot be said that the plaintiff was conclusively negligent in riding on a path about eleven feet from the right-hand curb if his claim that the other parts of the street afforded ample space to all other vehicles and travelers to use the street without colliding with him is found to be true. It is also evident, if his version of the affair is correct, that defendant had ample space to drive his car safely between plaintiff and the coal wagons and that defendant unnecessarily took the course which inevitably led him into collision with plaintiff where he states he was riding. There is also a conflict in the evidence as to the speed defendant and plaintiff were traveling from the time each one could have observed the other. The inference to be drawn from the evidence on this point is uncertain and doubtful and clearly within the province of a jury. Upon all the evidentiary facts and circumstances the questions of defendant's negligence and plaintiff's contributory negligence are clearly for determination by a jury, and the trial court erred in awarding a nonsuit.

*By the Court.*—The judgment of nonsuit is reversed, and the cause is remanded to the circuit court for a new trial.

A motion for a rehearing was denied, with $25 costs, on January 16, 1917.