MAHER, Respondent, vs. LOCHEN and another, Appellants.

*October 3—October 23, 1917.*

*Automobiles: Injury: Violation of law of the road: Contributory negligence: Questions for jury.*

The driver of an automobile overtook a heavy four-horse truck loaded with long iron beams which was being driven near the center of the street upon the right-hand track of a street railway. The truck driver paid no attention to a signal from the automobile but, after the latter started to go by on the right, negligently and without warning turned to the left to pass into a cross street. The rear end of the iron beams struck and damaged the automobile. *Held,* that although the attempt to pass to the right of the truck was in violation of sec. 1636—49b, Stats., that fact did not conclusively show contributory negligence on the part of the driver of the automobile, it not clearly appearing that such attempt had, in a legal sense, any causal connection with the accident in that there was any reasonable ground to apprehend that any injury might probably result. The question of contributory negligence was therefore one for the jury.

APPEAL from a judgment of the circuit court for Milwaukee county: EDWARD T. FAIRCHILD, Circuit Judge. *Affirmed.*

Action for damages on the ground of negligence. The

cause was tried before the civil court of Milwaukee county. The evidence disclosed this: August 16, 1916, defendants' servant, in the course of his employment, drove a four-horse team of horses, drawing a heavy truck, loaded with iron beams forty feet long, east on Oneida street, in the city of Milwaukee. He was going about three miles per hour, driving on the right-hand track of double street railway tracks, and near the center of the street, instead of as close as practicable to the right-hand curb, as he should have done. The iron beams extended back of the hind truck some twelve feet. Plaintiff's daughter, driving his automobile about eight or ten miles per hour, approached the truck load from the rear. She seasonably signaled her desire to pass but the driver paid no attention thereto. Under the circumstances, it did not seem to her best to pass on the left on account of the street railway track and the regular street traffic, which was considerable. Automobiles were freely passing the truck load on the right and she took that course. Though there was an automobile standing at the curb on that side, there was ample room left to pass. As she reached a point about opposite the standing automobile, and alongside the truck load, the driver turned his horses to the left to pass into a cross street. That caused the rear end of his load to swing to the right, striking plaintiff's machine and causing the damages complained of.

The cause was submitted to the jury, resulting in findings to this effect: The truck was not kept as close as possible to the curb line on the right. There was no want of ordinary care in failing to do so. Defendants' servant failed to give any signal of his intention to turn into the cross street. In the exercise of ordinary care he ought to have done so. His failure in that regard was the proximate cause of the collision. There was no want of ordinary care on the part of the driver of the automobile in attempting to pass the truck on the right, nor any want of ordinary care on her part in oper-

ating the machine which proximately contributed to the collision.    Plaintiff was damaged thereby to the amount of $200.

Notwithstanding the verdict, judgment was rendered in defendants' favor upon the ground that plaintiff's daughter was guilty of contributory negligence as a matter of law.

On appeal to the circuit court the judgment was reversed and judgment was rendered in plaintiff's favor on the verdict upon the ground that whether there was contributory negligence on the part of the driver of the automobile was a jury question.

For the appellants there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *Paul R. Newcomb,* of counsel, all of Milwaukee, and oral argument by *Mr. Newcomb.*

*John J. Maher, in pro. per.,* and *Fred A. Teall,* both of Milwaukee, for the respondent.

MARSHALL, J.    The judgment must be affirmed because it does not appear that the trial court was clearly wrong in deciding that whether respondent's daughter, in driving the automobile, was guilty of negligence proximately contributing to the collision, was a jury question.    The fact that she violated the law of the road in attempting to pass the truck load on the wrong side does not conclusively show that she was guilty of contributory negligence unless it clearly appears that her act had a causal connection, in a legal sense, with the accident, in that she ought reasonably to have apprehended that her conduct might probably result in some personal or property injury.    That is the effect of *Sutton v. Wauwatosa,* 29 Wis. 21; *Friedrich v. Boulton,* 164 Wis. 526, 159 N. W. 803, and other authorities which might be referred to.    Under the peculiar circumstances in which she was placed when she attempted to pass the truck load, it does not conclusively appear that she had any reasonable ground to apprehend that there would be any difficulty in passing as

she attempted to do. As she approached the rear of the truck load, it evidently appeared to her that she could as well or better pass on the right than on the left side of it. Had she tried to pass on the left side and the driver of the team had suddenly turned to his proper position in the street, the iron beams would quite likely have swung to the left and dangerously obstructed her passage. The fact that he failed to change his course in response to her signal, naturally indicated to her that he intended to proceed straight ahead. The way for passage was as clear or more so on the right as on the left. The regular traffic of a much used street was liable to occupy the left side while she observed a string of automobiles pass before her on the right, and without any difficulty. She quite naturally followed suit, not having any expectation that the driver of the team would, without any signal of his intention to do so, suddenly turn his horses to the left so as to swing the hind end of his load into the region occupied by her machine, especially since he must have observed that automobiles were passing in such region. So, notwithstanding the duty of the driver of the automobile under sec. 1636—49b, Stats., under all the circumstances, it seems that the court below reasonably concluded that whether her breach of such duty constituted negligence having a causal connection, in a legal sense, with the accident was a fair jury question.

*By the Court.*—The judgment is affirmed.