ADOLPH WEISS, Respondent, *v.* SAMUEL FREDERICK COWDREY,
Appellant, Impleaded with GRACE D. THORNE, Defendant.

First Department, January 16, 1920.

**Real property — liability of owner for dangerous condition of sidewalk adjoining premises — pleading — complaint indefinite and uncertain — motion for judgment on pleadings denied.**

The owner of abutting property is not liable to a passerby for damages for personal injuries by reason of a defective condition of the sidewalk where that condition arose from neglect to repair or keep the walk in proper condition. If, however, the owner of the adjoining property has placed anything upon the sidewalk which would endanger passersby he is guilty of a nuisance for which he is personally liable.

Hence, a complaint which after setting out an accident to the plaintiff, a pedestrian, alleges that the accident occurred solely through the negligence of the defendants, their agents, etc., and without any negligence on the part of the plaintiff in that they knowingly allowed and permitted the sidewalk to be and remain in a defective, dangerous and unlawful condition in " creating and maintaining stones upon said sidewalk," which projected, etc., is, while subject to a motion to make more definite and certain, not so insufficient as to entitle the defendants to judgment on the pleadings.

APPEAL by the defendant, Samuel Frederick Cowdrey, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of August, 1919, denying defendant's motion for judgment on the pleadings.

*John J. Cunneen* of counsel [*George E. Gartland,* attorney], for the appellant.

*Isadore Apfel,* for the respondent.

SMITH, J.:

The defendant insists that the complaint does not state facts sufficient to constitute a cause of action. The law seems to be established that the owner of abutting property is not liable to a passerby for damages for personal injuries by reason of a defective condition of sidewalk, where that defective condition arose from neglect to repair or to keep the walk in proper condition. (*City of Rochester* v. *Campbell,* 123 N. Y. 405; *English* v. *Kwint,* 140 App. Div. 509; *Dedrick* v. *Schinasi,*

179 id. 763.)   If, however, the owner of the adjoining property has placed anything upon the sidewalk which would endanger passersby, he is guilty of a nuisance, for which he is personally liable.

The complaint here alleges the accident to the plaintiff, whereby he was injured, and then alleges: " The accident as aforesaid occurred solely through the carelessness and negligence of the defendants, their agents, servants and employees, and without any carelessness or negligence on the part of the plaintiff in that they knowingly allowed, suffered and permitted said sidewalk to be and remain in a defective, dangerous and unlawful condition, and in creating and maintaining stones upon said sidewalk which projected, so as to endanger the lives of those having occasion to traverse the same."

It is clear that the defendants are entitled to a more specific statement of the fault which is charged against them.   How the defendants could create and maintain stones upon a walk which would endanger the lives of those passing by is somewhat difficult to conceive.

The complaint is clearly obnoxious to a motion to make more definite and certain, but we are of the opinion that it is not obnoxious to a motion for judgment upon the pleadings.

The order is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.