388

McGUIGGAN, Respondent, vs. HILLER BROTHERS, Appellant.

*February 6—March 6, 1934.*

For the appellant there was a brief by *Stephens, Sletteland & Sutherland,* attorneys, and *William H. Spohn* and *A. E. Kilmer* of counsel, all of Madison, and oral argument by *Mr. Spohn.*

For the respondent there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith.*

NELSON, J.   The facts adduced upon the second trial are conceded to be substantially the same as those adduced upon the first trial.   They were sufficiently stated in *McGuiggan v. Hiller Brothers,* 209 Wis. 402, 245 N. W. 97, and therefore need not be restated here.

The circuit court was evidently of the opinion that the only questions to be determined by the jury, other than as to the amount of the damages sustained by the plaintiff, were (1) whether the negligence of the defendant, which appeared as a matter of law, was a cause of the collision; (2) whether the negligence of the plaintiff, which also appeared as a matter of law, was a cause of the collision; and (3) whether the plaintiff's negligence was equal to or greater than that of the defendant.   The former opinion discussed (1) the failure of the defendant to equip its truck with suitable clearance lights or reflectors, which failure was held to be negligence as a matter of law but to present a jury question as to whether such negligence was a proximate cause of the collision; (2) the failure of the plaintiff to operate his automobile at the time of the collision on his side of the roadway, which failure appeared from the undisputed physical facts and which we held was negligence as a matter

of law, but gave rise to a jury question as to whether such negligence was a proximate cause of the collision; and (3) the necessity of having a jury compare the negligence of the parties. We had no intention of holding, and there appears to be nothing in the opinion to justify a conclusion to the contrary, that the only issues to be determined by the jury upon a new trial were those discussed. The judgment was reversed and the cause remanded for a new trial without suggestion except that defendant's failure to equip its truck with clearance lights was negligence as a matter of law, that the plaintiff was negligent as a matter of law in operating his auto two feet over the black line, and that the comparison of the negligence of the parties was for the jury. There was no thought of limiting the issues to be determined on the new trial to the precise negligence discussed.

Before the verdict was submitted to the jury the defendant specifically requested the court to submit to the jury the following questions:

"1. Was there any negligence on the part of the plaintiff Hector McGuiggan at and about the time of the accident:
"(a) As to keeping on the right side of the road.
"(b) As to control and management of his car.
"(c) As to keeping a proper lookout."
2. The usual questions as to proximate cause.

The court denied the request of the defendant in so far as it related to the submission of questions as to the plaintiff's control and management of his car and as to his keeping a proper lookout. The court directed the jury to find (1) that the defendant was negligent in failing to have a clearance signal light or reflector on the left side of the front of its truck, and (2) that the plaintiff was negligent as to his driving position on the highway at and about the time and place of the accident. The court submitted to the jury other questions which permitted it to find that defendant's negligence was a cause of the accident, that plaintiff's negli-

gence was a cause of the accident, the amount of the damages, that the negligence of the plaintiff was not as great as the negligence of the defendant, and the amount that the damages should be diminished in proportion to the amount of negligence attributable to the plaintiff.

It is our opinion that the court erred in refusing to submit the questions requested or similar ones. There is evidence in the record which admits of an inference and would permit a jury to find that the plaintiff was negligent in respect to maintaining a proper lookout. There is also evidence in the record which admits of an inference and would permit a jury to find that the plaintiff was negligent in respect to the control of his automobile.

That the failure of the court to submit to the jury the requested questions was error can admit of no doubt. Under sec. 331.045, Stats., generally called the comparative negligence law, the jury is required to compare the negligence of the plaintiff with that of the defendant. To submit to the jury a verdict which permits it to consider plaintiff's negligence in only one respect when the evidence admits of inferences that he is negligent in other respects, is, in our opinion, error and prejudicial to a defendant. When a special verdict is submitted, all questions that are warranted by the evidence should be submitted when specifically requested, to the end that the jury may pass upon all the issues relating to the negligence of the parties before comparing the negligence of the parties. In the very recent case of *Walker v. Kroger Grocery & Baking Co., post,* p. 519, 252 N. W. 721, the judgment was reversed because the jury was erroneously permitted to include in its comparison certain negligence of the defendant which was held as a matter of law not to have been a cause of the collision. It was there said:

"Those findings cannot stand because, as the jury was erroneously permitted to consider the defendants' negligent failure to have a clearance signal a proximate cause of plaint-

iffs' injuries, the jury undoubtedly also erroneously included that failure as a part of the entire causal negligence that was attributable to the defendants. Obviously, if the negligence as to the clearance signal was erroneously included by the jury as an element of the defendants' causal negligence, the entire comparison and the computation to determine the proportion are also erroneous, and that error cannot now be corrected by the court without invading the province of the jury. It follows that because of that error a new trial is necessary in order to have a jury pass upon those issues under proper instructions."

But one other question requires consideration. The defendant contends that the court erred in instructing the jury as follows:

"Question 6 reads: 'If you find both the plaintiff and the defendant negligent, and that such negligence of each was a cause of the accident, then answer this: Was such negligence of the plaintiff, Hector McGuiggan, as great as such negligence of the defendant?'

"The burden of proof is upon the defendant to convince you by the preponderance of the evidence that this question should be answered 'Yes.' Answer it 'Yes' or 'No' as you find the fact to be."

It is our opinion that the contention is without merit. Prior to the enactment of sec. 331.045, contributory negligence operated as a bar to recovery. The burden of sustaining such a plea was upon the defendant. *Sweetman v. Green Bay*, 147 Wis. 586, 132 N. W. 1111; *Hakenson v. Neillsville*, 152 Wis. 594, 140 N. W. 281; *Friedrich v. Boulton*, 164 Wis. 526, 159 N. W. 803; *Graass v. Westerlin & Campbell Co.* 194 Wis. 470, 216 N. W. 161. Under the comparative negligence law the burden of showing contributory negligence still remains upon the defendant. But contributory negligence does not now constitute a bar to recovery unless the defendant can show or unless it otherwise appears that such negligence was equal to or greater than that of the defendant. Under the comparative negligence

law the burden of proving the total amount of the damages sustained is upon the plaintiff, but the burden of showing to what extent the damages sustained by the plaintiff shall be diminished on account of the negligence attributable to him is upon the defendant.

It is our opinion that the instruction of which complaint is made was not erroneous.

*By the Court.*—Judgment reversed, with directions to grant a new trial.