ELLA GREEN, Plaintiff, *v.* MURRAY M. ROSENBERG, INC., Defendant.

Supreme Court, Trial Term, New York County, October 15, 1944.

*Paul O'Dwyer* and *Milton S. Harrison* for plaintiff.

*Frederick M. Garfield* for defendant.

NULL, J.   The plaintiff was injured on the sidewalk in front of the store leased or maintained by the defendant. She testified that, as she was proceeding on the sidewalk through a path which had been cleared of ice and snow by employees of the defendant, one or more pedestrians approached her. The plaintiff declared that she moved to one side of the clearing in order to permit him or them to pass her. In doing so, she stepped upon the snow and ice which was banked upon the sidewalk alongside the cleared path. She continued to walk a few feet upon the banked snow and ice, when she lost her footing and fell.

It was not disputed that the defendant had directed the clearing of the path and that the snow and ice which had accumulated upon the sidewalk in front of the defendant's store had been swept toward the curb and piled or banked upon the sidewalk. The witnesses, however, were not in accord upon the extent to which the sidewalk was cleared or the width of the path which had been made. The plaintiff testified that the path was about five feet wide; the porter, who did all or most of the work of clearing, stated that it extended from the building line to about two and one-half feet from the curb; a police officer testified that the path extended to about eight or ten feet from the curb. It would be idle to speculate as to which version was accepted by the jury. Except for the width of the clearing on the night of the accident, the witnesses were in agreement that a part of the sidewalk was piled with snow and ice, some of which, at any rate, had been swept from the portion of the sidewalk which had been cleared.

Upon such a state of facts, the primary issue to be determined was whether in effecting the clearance of the path and in piling some or all of the snow removed from it upon another part of the sidewalk, the defendant in the light of all the pertinent circumstances, had created an unsafe condition, in the nature of an obstruction.

The owner or occupant of land abutting a sidewalk is under no legal duty with respect to its maintenance or repair, or the keeping of it free from ice and snow resulting from natural causes or the acts of others. He will not be liable for injuries sustained by travelers thereon as the result of conditions which he was not instrumental in creating or maintaining (*City of Rochester* v. *Campbell et al.*, 123 N. Y. 405; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Moore* v. *Gadsden*, 87 N. Y. 84). The owner or occupant, however, may incur liability, where, by his affirmative act, he produces a dangerous or unsafe condition or where he creates a nuisance upon the sidewalk (*Weiss* v. *Cowdrey*, 190 App. Div. 358; *Macauley*. v. *Schneider*, 9 App. Div. 279; *Nelson* v. *Schultz*, 170 Misc. 681). Thus, one who directs snow to be accumulated upon the sidewalk, in such mass as to constitute an obstruction, or which by the action of natural causes upon it, such as melting or freezing, creates an area of danger, will be held to answer for any resulting injury to pedestrians. (*Rohling* v. *Eich*, 23 App. Div. 179; *Kirby* v. *Boylston Market Association*, 80 Mass. 249, 251; *M'Donald* v. *Toledo Consol. St. Ry. Co.*, 74 F. 104; *L. & N. R. R. Co.* v. *Mulverhill*, 147 Ky. 360, and cases therein cited.)

Whether, upon the circumstances indicated by the evidence in this case, the defendant, in the manner in which the snow was piled, did in fact create a dangerous obstruction was for the jury to determine (*Payne* v. *City of New York*, 277 N. Y. 393). Accordingly, the plaintiff's claim, controverted by the defendant, that the sidewalks in front of the adjacent stores were clear of snow, was a question for the jury which, if determined favorably to the plaintiff, warranted the finding that the defendant negligently created the condition which caused the plaintiff to be injured.

The defendant contends that in leaving the cleared path and walking upon the part of the sidewalk piled with snow, the plaintiff was guilty of contributory negligence. The plaintiff testified that she unwittingly did so when she stepped aside in order to permit approaching pedestrians to pass her. Whether such conduct on the part of the plaintiff made her guilty of contributory negligence was a question of fact for

the jury, since it did not constitute contributory negligence as a matter of law (*Twogood* v. *Mayor, etc. of N. Y.*, 102 N. Y. 216; *Williams* v. *City of New York*, 214 N. Y. 259; *Fox* v. *Village of Fort Edward*, 48 Hun 363, affd. 121 N. Y. 666; *Abbott* v. *City of Springfield*, 210 S. W. 443 [Mo.]; *Hakenson* v. *Neillsville*, 152 Wis. 594; *Barr* v. *City of Fairfax*, 156 Mo. App. 295; *City of Olathe* v. *Mizee*, 48 Kan. 435).

Accordingly, defendant's motion to set aside the jury's verdict is denied. Thirty days' stay and sixty days to make a case will be allowed to the defendant.