AUGUST OLM, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 31161.)

Court of Claims, January 7, 1955.

*Abram Miner* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Quentin Grant* of counsel), for defendant.

LAMBIASE, J. This claim was filed to recover damages for personal injuries alleged to have been sustained, as is hereinafter more particularly set forth, by claimant, through the negligence of the State of New York, its officers and employees.

On the 4th day of February, 1950, at about 3:30 P.M. claimant, accompanied by his stepson, walked from the south side of State Street, in the city of Hudson, New York, across said street to his stepson's automobile which was parked headed westerly at the north curb of said street in front of the New York State armory there located. The armory occupies an entire block between Fourth and Fifth Streets in said city. The weather was cool, and it was clear. Claimant walked in front of and around the automobile, stepped up and onto the curb and then onto the sidewalk along the side of the automobile intending to enter the same from the right or north side thereof. While attempting to enter the automobile, he put his foot upon some snow and ice that was there, which caused him to slip and to fall and to sustain injuries to his right knee. The snow and ice complained of was on the curb and on the sidewalk for a distance of about two feet to the north of said curb, that is, toward the armory. This condition of snow and ice obtained along the

entire frontage of the armory property. The rest of the sidewalk and the roadway in front of the armory was clear of snow and of ice.

Admittedly claimant was looking at his feet as he walked toward the curb to get into the automobile. He testified that he saw the snow and ice there, and that he was aware of its presence when he stepped on it, slipped and fell.

Claimant in his brief submitted herein recognizes the general rule that an action for personal injuries cannot be predicated upon an abutting owner's failure to remove a natural accumulation of ice and snow from a public sidewalk (*Eldred* v. *Keenan,* 164 App. Div. 63, and cases cited therein), even when said failure is in violation of an ordinance imposing a duty upon him to keep the walk free from ice and snow. (*Moore* v. *Gadsden,* 93 N. Y. 12; *City of Rochester* v. *Campbell,* 123 N. Y. 405.) There was an ordinance of the City of Hudson, New York in full force and effect on the date of the accident providing as follows: " § 327. Duty of owners as to sidewalks. It shall in all cases, be the duty of the owner of every lot or piece of land in said city to keep his sidewalks adjoining his lot or piece of land in good repair, and to remove and clean away all snow and ice and other obstruction from such sidewalk." He seeks, however, to distinguish the facts of his claim from these general principles on the theory that the State of New York, an abutting owner, caused or was instrumental in causing the condition, to wit: the snow and ice condition at the curb which led to claimant's accident.

It is true that the owner or occupant may incur liability where by his affirmative act he produces an unsafe or dangerous condition or where he produces a nuisance upon the sidewalk which is the proximate cause of an accident. (*Green* v. *Murray M. Rosenberg, Inc.,* 186 Misc. 79, affd. 269 App. Div. 819, affd. 295 N. Y. 584, and cases cited therein.) However, assuming that the snow and ice condition at and near the curb was a dangerous one, there is no evidence that the State of New York, its officers and employees, created said condition.

It was established that one, James White, not an employee of the State of New York, on four or five occasions during the winters of 1948–1949, and 1949–1950, had plowed snow from the sidewalk in front of the armory, and that employees of the State of New York at the armory saw him do it. The blade of the plow was six feet wide and on those occasions that was the width of sidewalk from which snow was removed by him. It was not established that he was duly authorized by the State of New

York to plow said sidewalk and, in our opinion, he was at best a volunteer when so doing for whose acts the State of New York was not responsible. Called as a witness for claimant, James White testified that he did not recall the condition of the sidewalk in front of the armory as to snow and ice on the day of claimant's accident; nor was it shown that the snow and ice at the curb on the day of claimant's accident was the result of plowing operations of said James White or of snow removal by the State of New York, its officers and employees, or of anyone for whose acts the State of New York was responsible.

Furthermore, upon this record, we are of the opinion that claimant has failed to establish his freedom from negligence causing or contributing to as a proximate cause the accident complained of with its resultant injuries to him.

Claimant, having failed to establish the negligence of the State of New York proximately causing or contributing to as a proximate cause the accident described in the claim, and having failed to establish his own freedom from negligence causing or contributing to said accident, the claim must be and hereby is dismissed upon the merits.

Let judgment be entered accordingly.