Richard S. Heller, J.
This is a claim for personal injuries sustained by the claimant on February 21,1952 when she slipped and fell on a sidewalk on Madison Avenue in the city of Albany. *689 The claimant fell at a point where a driveway leading to a ramp at the rear of a garage having its main entrance on Hamilton Street, crosses the sidewalk on Madison Avenue.
This garage was orginally leased by the State for a term commencing October 1, 1946 and ending April 1, 1951. The lease was thereafter renewed in accordance with its provisions for a further term commencing on April 1, 1951 and ending on March 31,1956. The entire premises constituting the garage including the ramp leading to the driveway crossing the sidewalk on Madison Avenue, were leased by the State. The landlord reserved for itself a right of ingress and egress to pass down the ramp for the purpose of making coal and other deliveries to the delivery entrance for two apartment houses known as 273 and 275 Madison Avenue located outside the garage building and in the ramp.
The State had occupancy and control of the garage and the ramp. It utilized the driveway from Madison Avenue across the sidewalk to the ramp for its special purposes and its benefit in connection with the garage. This use of the driveway was appurtenant to the premises leased by the State. The State adopted the driveway as appurtenant to the premises and so used it. This made the State responsible for it. (Irvine v. Wood, 51 N. Y. 224.)
The State did not thereby assume any obligation to remove natural accumulations of ice and snow from the sidewalk and liability cannot be predicated on any such failure. The State did assume the responsibility not to produce a dangerous or unsafe condition or a nuisance upon the sidewalk. (Green v. Murray M. Rosenberg, Inc., 186 Misc. 79, affd. 269 App. Div. 819, affd. 295 N. Y. 584.)
The evidence establishes that the use of the driveway did create a dangerous and unsafe condition on the sidewalk. Vehicles traveling over the sidewalk caused an accumulation of ice and snow packed into ruts and irregularities.
The evidence does not establish that the use by the State was the sole cause of this dangerous and unsafe condition in view of the landlord’s reserved right of ingress and egress but the occupancy and control by the State coupled with its obvious use placed responsibility for the condition upon the State. It is not necessary here to determine whether or not that responsibility was exclusive of responsibility by others.
The evidence affirmatively shows that the dangerous condition existed for a number of days. The claimant was aware of the condition and had previously that day walked over this same sidewalk with the same condition existing. Under the *690 circumstances it was incumbent upon the claimant to take reasonable precautions against the known danger. (McFarlane v. City of Niagara Falls, 247 N. Y. 340.)
Upon this record we are of the opinion that claimant failed to establish her freedom from negligence contributing to the proximate cause of the accident. Since she failed to establish her freedom from negligence causing or contributing to the accident, the claim must be and hereby is dismissed upon the merits.
Let judgment be entered accordingly.