**Julia G. JEDINY and John Jediny,
Plaintiffs-Appellees,**

v.

**The CITY OF NEW YORK and 71 Vesey
Corp., doing business as Barclay Cafe,
Defendants-Appellants.**

**No. 60, Docket 30463.**

United States Court of Appeals
Second Circuit.

Argued Oct. 6, 1966.

Decided Oct. 28, 1966.

Eric J. Byrne, New York City (J. Lee Rankin, Corporation Counsel of City of New York, and Seymour B. Quel, New York City, of counsel), for appellant, City of New York.

Isidor Stroll, New York City, for appellant, 71 Vesey Corp.

Alan Leonard Levy, New York City, for appellees.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Defendants, City of New York and 71 Vesey Corp., appeal from a judgment entered on a jury verdict awarding plaintiffs $20,000. Each defendant claims that it is entitled to judgment as a matter of law.

This negligence action arose when the plaintiff Julia G. Jediny fell on an icy sidewalk sustaining a fracture of the ankle. The accident occurred when Mrs. Jediny, walking with two companions along a path that had been shovelled by an employee of 71 Vesey Corp., caught her heel in a hole in the sidewalk that had been concealed by a layer of ice.

■ Defendant, City of New York, contends that photographs introduced in evidence prove that the hole in the sidewalk was a trivial defect, too insubstantial to provide a basis for imposition of liability under New York law. See Beltz v. City of Yonkers, 148 N.Y. 67, 42 N.E. 401 (1895). However, the jury had before it not only the photographs, which are not conclusive, but also the testimony of witnesses describing the depression as a triangular hole at least ten inches along each side and four inches deep. There was thus ample ground for the jury to find that the hole was a major defect. Liability was properly imposed since by permitting the defect to exist the City had "neglected and failed to keep its public thoroughfares * * * in a condition reasonably safe for pedestrians." Loughran v. City of New York, 298 N.Y. 320, 322, 83 N.E.2d 136, 137 (1948).

■ The City's second contention, that there had been a series of such heavy snowfalls that it could not be held negligent in failing to clear the sidewalk of snow, is irrelevant since no effort was made to establish liability for failure to clear away the snow. The City's liability is predicated entirely on the existence of the hole in the sidewalk.

■ 71 Vesey Corp. contends that there is no evidence showing that it negligently contributed to the hazard which caused Mrs. Jediny's injury. It is conceded that an employee of 71 Vesey Corp. had cleared a path early on the day the accident occurred, and there was evidence that this path led directly across the concealed hole. The jury was therefore justified in finding 71 Vesey Corp. had created a dangerous condition by its affirmative act; under New York law

this is sufficient to establish liability. Green v. Murray M. Rosenberg, Inc., 186 Misc. 79, 50 N.Y.S.2d 868 (Sup.Ct.1944), aff'd mem., 269 App.Div. 819, 56 N.Y. S.2d 205 (App.Div. 1st Dept.), aff'd mem., 295 N.Y. 584, 64 N.E.2d 286 (1945).

Affirmed.