MARY E. A. ALLEN *vs.* MARTIN E. PEARSON.

First Judicial District, Hartford, May Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and BURPEE, Js.

A motor-cyclist injured in a collision on the highway while under the influence of intoxicating liquor, is not precluded from recovering damages from the party in fault, unless it appears that his violation of the statute (Public Acts of 1911, chapter 85, § 17) in driving his motor while in that condition was a proximate cause of his injury. Accordingly, alleged newly-discovered evidence of his intoxication by the other party is not sufficient ground for granting the latter a new trial, unless it is coupled with an averment that the petitioner has new evidence to establish this necessary causal connection.

It appeared that the witness who would testify on a new trial to the intoxication of the motor-cyclist was a workman in the same shop who had observed the cyclist and his condition when the latter was riding his cycle some distance from the scene of the accident and from a quarter to a half hour before its occurrence. *Held* that there was nothing in the case which should have led the petitioner for a new trial to have made any inquiry at the shop to learn the cyclist's condition at the time of the accident, nor anything to suggest that she had not made use of due diligence to discover this evidence.

If it is apparent that the alleged newly-discovered evidence—assuming its truth—would not necessarily change the result, it cannot be said that the court below improperly exercised its discretion in refusing a new trial.

Argued May 5th—decided June 10th, 1915.

PETITION for a new trial upon the ground of newly-discovered evidence, brought to and tried by the

Superior Court in Hartford County, *Case, J.*, upon a demurrer to the petition; the court sustained the demurrer and rendered judgment for the respondent, from which the petitioner appealed. *No error.*

*John T. Robinson* and *A. Storrs Campbell*, for the appellant (petitioner).

*Hugh M. Alcorn* and *Richard H. Deming*, with whom was *William M. Maltbie*, for the appellee (respondent).

THAYER, J. The petitioner asks for a new trial of an action in which the respondent recovered damages against her for injuries received through her negligence in the management of her automobile upon a public highway. The respondent was at the time of his injury riding upon a motor-cycle in the direction opposite that in which the petitioner was proceeding when the collision occurred, and in her answer to his complaint in the original action she alleged that he was riding with his head down, as if directing his attention to his machine, and that his injuries were due to his own negligence. The complaint in the present action alleges that it became and was a material question upon the former trial whether Pearson was in the exercise of due care, and whether he operated his motor-cycle in compliance with the law of the road, and whether he observed or failed to observe the approach of the petitioner's automobile and the warning bell which she sounded.

A new trial is sought upon the ground of newly-discovered evidence, the substance of which is that Pearson, shortly before the accident, was seen upon another street some distance from the place of the accident in an intoxicated condition; that he was then riding his motor-cycle in an unsteady way; that he

dismounted in the street, and walked with the motor-cycle to the curb, and left it at the curb about halfway between two saloons. This, according to the witness now discovered, was from one quarter to one half hour before the injury. It is alleged that this evidence is material, and that although the petitioner used due diligence to find evidence in her favor she failed to discover it before or during the trial. The complaint is demurred to upon the ground that the evidence is merely cumulative, and that it appears that it could have been discovered by the use of due diligence.

There is nothing in the complaint in the present case, or in the record and transcript of the evidence in the original action, which are made part of it, which shows that the petitioner failed to use due diligence to discover this evidence. It is true that the witness worked in the same shop and same room with Pearson, but the fact to which he will testify did not occur at the shop. The facts to which he was a witness occurred at a distance from the shop, and it was mere accident that the witness was present. No fact appears which would lead the petitioner to make inquiry at the shop to learn whether Pearson was drunk on Main Street at the time in question.

If Pearson was operating his motor-cycle on the highway while under the influence of intoxicating liquor at the time of his injury, he was violating chapter 85 of the Public Acts of 1911 (p. 1333), but that fact would not be enough to change the result of the former trial. The petitioner would be required to go further, and introduce evidence to show that such violation of the statute was a proximate cause of Pearson's injuries. *Farrington* v. *Cheponis*, 84 Conn. 1, 8, 78 Atl. 652. The statute imposes a penalty for such violation, but it does not provide that the violation shall prevent a recovery of damages for injuries in-

flicted upon the offender by a third person, where the violation of the statute was not a cause of such injuries. The petition does not allege that the petitioner has new evidence to establish this fact, the evidence on the former trial does not establish it, and it would be useless to have a new trial without evidence to show that the respondent's injuries were caused, in whole or in part, by his intoxication.

The jury upon the former trial must have found that Pearson was guilty of no negligence which contributed to his injuries. The evidence shows that he was upon the right side of the street, but that he had room to turn to the right and thus probably avoid the collision. There was conflict in the testimony as to his conduct at the time it occurred; the petitioner, Mrs. Allen, claiming that his head was down, as if looking at the gear of his machine, and that he was lying down on his machine; while his witnesses testified that he was sitting erect and looking forward. It is more consistent with absence of contributory negligence on his part to believe that he bent forward for a moment to see that his gear was working properly, and that the other party then collided with him, than it would be to believe that he was sitting erect, and looking in front of him, and ran straight ahead to his injury, when he had ample room on his right to turn out and avoid the accident. Being upon his proper side of the street, with ample room to his left for Mrs. Allen, going in the opposite direction, to pass him upon her side of the street, he might properly bend forward to examine his machine, if there was any indication that it might need attention. For aught that appears, therefore, the jury may have found, as testified by Mrs. Allen, that Pearson was bending forward to examine his gears at the time of the accident. It certainly cannot be said, as claimed by the appellant, that this act on his part, as testified by

Mrs. Allen, was negligence as matter of law. Nor can it be said that the jury did not find the fact to be as testified by her. If, therefore, as claimed by the appellant, the newly-discovered evidence, that Pearson was drunk at the time, corroborates her evidence that he was bending forward or lying down on his machine, such evidence would not necessarily change the result upon a new trial if it were had. We cannot say, therefore, that the court improperly exercised its discretion in refusing a new trial.

There is no error.

In this opinion the other judges concurred.