KADOLPH, Respondent, vs. TOWN OF HERMAN, Appellant.

*January 8—February 5, 1918.*

*Highways: Injury from defect: Stone near traveled track: Negligence*
    *of town: Contributory negligence: Questions for jury: Automo-*
    *biles: Passing other vehicles: Special verdict: Subdividing ques-*
    *tions: Evidence: Sufficiency.*

1. Whether a town was negligent in permitting a stone about twenty-
   one inches long and projecting nine to twelve inches above the
   ground to remain for years in the highway about five feet from
   the traveled track and in a space grown up with grass and
   clover, and whether there was negligence on the part of the
   driver of an automobile which, after turning out to pass a horse
   and buggy, struck such stone in regaining the traveled track,
   are *held*, upon the evidence, to have been questions for the jury.
2. A violation of sec. 1636—49*a*, Stats. (which makes it unlawful for
   the driver of an automobile, in passing another vehicle going in
   the same direction, to go within three feet of such vehicle at a
   greater rate of speed than ten miles an hour), is negligence
   *per se*, but not necessarily gross negligence.
3. Where the question of contributory negligence is submitted in a
   special verdict under proper instructions, there is no error in
   refusing to subdivide such question into different elements.
4. Notwithstanding possible inconsistencies or apparent contradic-
   tions in the testimony as to some of the details of the accident,
   a verdict in favor of plaintiff, who was injured when the auto-
   mobile in which she was riding struck a stone in the highway,
   is *held* to have sufficient support in the evidence.

APPEAL from a judgment of the circuit court for Dodge
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries. The
automobile in which plaintiff with five others was driving
westerly on the public highway in the defendant town in the
forenoon of September 28, 1913, turned to the south away
from the traveled track in order to pass a horse and buggy
going in the same direction. After passing, the automobile
turned in again, and just before regaining the traveled track
its left hind wheel struck a stone about twenty-one inches

long which projected nine to twelve inches above the surface of the ground, and the consequent jar, as it is claimed by plaintiff, threw her out of the automobile upon the road, causing the injuries for which she sued. She was the only one of the occupants of the automobile injured. The automobile went some eight to ten feet beyond the stone before coming to a stop and had the tire punctured and several of the spokes of the wheel cracked.

By the special verdict the jury found that the highway was not in a reasonably safe condition for public travel; that such unsafe condition was the proximate cause of the injury; that such condition had existed for a length of time within which it might have been remedied; and by the fourth question that there was no want of ordinary care on the part of the driver of the automobile which contributed proximately to the plaintiff's injury; and assessed $1,100 as compensation. Upon judgment being entered for plaintiff for such amount the defendant appealed to this court.

For the appellant there was a brief by *Husting & Husting* of Mayville, and oral argument by *B. J. Husting* and *Gustave Husting*.

*J. C. Russell* of Hartford, for the respondent.

Eschweiler, J. In substance appellant's contentions are these: (1) A motion for a nonsuit should have been granted; (2) that questions should have been submitted to the jury in addition to the fourth, in order to have them find whether or not the automobile was exceeding a speed of ten miles an hour in passing the horse and buggy, or whether in so passing the plaintiff was within three feet of the other vehicle, and in connection therewith, if such questions had been answered in the affirmative, whether such excessive rate of speed contributed proximately to the injury; (3) that the verdict was contrary to the evidence and a new trial should have been granted; (4) that the court erred in instructing the jury.

There is testimony that some travelers on the highway had noticed this particular stone in that position for a number of years preceding the accident. It is undisputed that the driver of the automobile had traveled this particular highway almost weekly for over twenty years. He did not testify, either on direct or cross examination, that he had knowledge prior to the accident of the existence of the stone at this place. There is evidence to the effect that at the time of the accident the stone was to a large extent concealed by the presence of clover and timothy surrounding it. It was about five feet to the south of the well defined traveled track, which was in about the center of the highway. The space for about ten feet to the south of the traveled track had for years been grown up with grass and clover. Some years the space had been mowed and some years it had been cropped close by cattle pasturing on the highway so as to make at such times the position of the stone more visible. There was also testimony by defendant's witnesses to the effect that after the accident they had gone to the place in question and that they had been able to see the stone without difficulty from a considerable distance to the west of the same and of where the plaintiff turned off from the traveled track.

It is contended by defendant that the position of the stone at the side of the traveled track was either not such an obstruction in the highway as rendered the town liable or that its position was such that the driver of the automobile was chargeable with negligence as a matter of law in running his automobile so that it came in contact with it.

We cannot, as a matter of law, say that it is not negligence for a town to allow a stone so situated as was the one here, to remain for such a length of time within five feet of the traveled tracks, and especially so in these days when the use of the highway is so given up to space-devouring vehicles like automobiles, and which new use is recognized by the numerous amendments of recent years to the law of the road by the prescribing of so many details for the driving and

passing on the highway and at intersections. The old, and almost only, rule of the pioneer days, "Keep to the right," no longer suffices. We think it was clearly a situation within the province of the jury to determine whether proper care and attention had been given by the town in order to keep this highway reasonably safe for travel. *Meidenbauer v. Pewaukee,* 162 Wis. 326, 156 N. W. 144; *Roeser v. Sauk Co., ante,* p. 417, 165 N. W. 1086.

Similarly the question of whether the driver of the automobile was exercising ordinary, and therefore proper, care on his part in driving the automobile, was properly one to be measured and determined by a jury from a consideration of the surrounding facts and circumstances. And there was therefore no error under the first point.

By sec. 1636—49a, Stats., it is made unlawful for the driver of an automobile, in passing another vehicle going in the same direction, to go within three feet of any such vehicle at a greater rate of speed than ten miles an hour, and any person violating such provision shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine and imprisonment. Upon this the defendant contends that it was entitled to have the jury expressly find whether or not there was a passing of the automobile within the prescribed distance or rate of speed, and if there had been an affirmative finding on those questions that thereupon, as a matter of law, there would have been such negligence of the driver of the automobile, imputable under the law of this state to the occupant, as would have prevented a recovery for the plaintiff.

In instructing the jury with reference to the fourth question of the special verdict the trial court charged them that the law forbids the driver of an automobile to go within three feet of a vehicle if he is operating his car at a higher rate of speed than ten miles an hour while passing, and that a violation of any of the requirements of the law of the road is, as a matter of law, a failure to exercise ordinary care. This was

a correct statement of the law with reference to this exact question, in that it treats the violation of such a statute, although it may be visited with a penalty, not as gross negligence, but as negligence *per se* only. *Ludke v. Burck,* 160 Wis. 440, 152 N. W. 190; *Riggles v. Priest,* 163 Wis. 199, 157 N. W. 755; *Derr v. C., M. & St. P. R. Co.* 163 Wis. 234, 157 N. W. 753.

Having so properly charged them with reference to the fourth question, there was no error in not subdividing that question into different elements as requested by the defendant.

After the jury had retired for consultation they returned into court and asked for information with reference to their answering this fourth question, and the original instructions in connection with that question were again re-read to them and a further statement made by the court. Such statement at first omitted any reference to the provision of the statute as to the maximum speed allowable when passing within three feet of another vehicle, but immediately, upon suggestion of defendant's counsel, the court again stated the correct rule on that point.

It is urged that the situation thus created was such as would give the jury an erroneous impression as to the rights of the defendant on this question. We can find nothing, however, that would warrant us in presuming that the jury was in any manner misled to defendant's prejudice. We cannot, therefore, sustain either the second or fourth points relied upon by defendant.

The plaintiff, in support of the third point made, offered evidence to prove that with an automobile being driven at the rate of speed at which the driver of plaintiff's automobile testified he was driving, the accident could not have occurred as described by the driver and other witnesses for the plaintiff. It is undisputed, however, that the automobile did strike an object on the highway with sufficient force to cause in-

juries to its wheel and that the plaintiff was thrown in some manner from the automobile and injured, although there were possible inconsistencies or apparent contradictions in the testimony of certain of plaintiff's witnesses as to some of the details of the accident. Yet the main facts being so undisputed, there is sufficient in the record to support the finding made by the jury.

*By the Court.*—The judgment of the circuit court is affirmed.