STEINKRAUSE, Respondent, vs. ECKSTEIN, Appellant.

*December 5, 1919—January 13, 1920.*

*Automobiles: Contributory negligence of driver imputed to occupant: Highways: Law of the road: Violation of statute.*

1. One riding in an automobile is barred from recovering for injuries caused by the negligence of a third person if the driver of the automobile is also chargeable with negligence proximately contributing to the accident.
2. The violation of secs. 1636—49, 1636—52*m*, and 1636—54, Stats., prohibiting any person from driving an automobile on the highway while intoxicated, without the owner's consent, or with the muffler open, is negligence *per se;* but not actionable negligence, unless some causal connection between such violation and the accident appears.
3. In an action for injuries sustained in a collision between two automobiles on a highway, whether the driver of the automobile in which plaintiff was riding was intoxicated, and whether such condition was a proximate cause of the accident, were questions for the jury.
4. A driver of an automobile on a highway is not "intoxicated" within sec. 1636—54, Stats., unless his indulgence in intoxicating liquors is such as to result in an appreciable interference with the exercise of ordinary care in the management of the vehicle.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The plaintiff, one of a party of three young women and three young men, while riding in an automobile south on Twelfth street and at about the center of its intersection

with Wells street in the city of Milwaukee, was injured by reason of a collision between that automobile and one driven by defendant's servant coming west on Wells street.

The automobile in which plaintiff was riding was owned by a copartnership, one member of which was the father of its driver, and it was used on this occasion without the permission of the owners.  The party had driven out west of the city of Milwaukee during the evening, visiting several road houses or saloons, one of such being described as "The Bungalow," and were returning home late at night.

Defendant contends that the driver of the automobile in which plaintiff was riding was intoxicated at the time of the accident.  The only evidence on that point was elicited from the driver himself, who testified substantially as follows:

"I had a few drinks there [The Bungalow], but do not remember what I drank, nor how many drinks I had. When we left the Bungalow I was not intoxicated. . . . I was so excited and at the time of the collision was slightly intoxicated; I had a few drinks, as I said. . . . At the Bungalow I did not feel what I had been drinking, but we went to the other place.  I do not remember what I had to drink. Then we went to the Half-way House on the Blue Mound road, stopped there and had some more drinks.  I could not say how many I had there.  I did not have too many, but I had enough.  I had just about enough.  By the time I got down town I felt slightly what I had been drinking.  It is true that I was slightly intoxicated."

There was evidence to the effect that the muffler was open on this automobile at the time of the collision and evidence to the contrary.  There was evidence tending to show actionable negligence by defendant's driver.

At the close of the testimony in the civil court defendant's motion for a directed verdict in his favor was granted and judgment entered thereupon.  From such judgment the plaintiff appealed to the circuit court and was granted a new trial of said cause in said circuit court.  From such order the defendant has appealed.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Albert K. Stebbins,* of counsel, and oral argument by *Emmet Horan, Jr.,* all of Milwaukee.

*George A. Bowman* of Milwaukee, for the respondent.

ESCHWEILER, J.  The appealing defendant insists that the circuit court was wrong in granting a new trial and the civil court right in granting judgment of dismissal upon the theory that negligence of the driver of the automobile in which plaintiff was riding is imputed to the plaintiff and that she cannot recover because there was such contributory negligence as a matter of law on the part of the driver as made an absolute defense.  Also that such contributory negligence by the driver arose by reason of his violating, at the time of the injury, one or more of the three following statutory provisions:

Sec. 1636—54, Stats., punishing by fine or imprisonment, or both, any person who shall operate or drive any automobile upon or along any public highway of this state while intoxicated.

Sec. 1636—52m, providing in substance that the use or operation of an automobile upon a public highway without the consent of the owner of such vehicle is an offense punishable by imprisonment or fine, or both.

Sec. 1636—49, making it unlawful for any person to operate an automobile with its muffler open upon or along any public streets within the corporate limits of any city, and punishing the violation thereof by a fine.

It is the accepted law in this jurisdiction that any occupant of a private vehicle such as the automobile in this case is barred from recovering from a third person for injuries caused by such person's negligence if the driver of such vehicle is also properly chargeable with negligence proximately contributing to the accident.  *Kadolph v. Herman,* 166 Wis. 577, 580, 166 N. W. 433; *Lauson v. Fond du Lac,* 141 Wis. 57, 58, 123 N. W. 629.

It is a well established rule that while a violation of such statutory regulations as are relied upon by defendant here is negligence *per se,* yet where such negligence is relied upon either as ground of recovery for an injury or as the defense in such an action of contributory negligence, there still must appear some causal connection between any such violation and the accident. In some situations the causal connection may be so clear upon undisputed facts as to make the determination thereof a question of law. In other situations it becomes a question of fact for the jury.

This has been so declared in a number of cases involving the law of the road, as in *Kadolph v. Herman,* 166 Wis. 577, 580, 166 N. W. 433, and *Riggles v. Priest,* 163 Wis. 199, 203, 157 N. W. 755, involving sec. 1636—49*a,* Stats., prohibiting the passing within three feet of another vehicle at a greater rate of speed than ten miles an hour; *Derr v. C., M. & St. P. R. Co.* 163 Wis. 234, 240, 157 N. W. 753, involving sec. 1636—47, by the driving of an unregistered car for which no license had been obtained; *Maher v. Lochen,* 166 Wis. 152, 155, 164 N. W. 847, where plaintiff's driver turned to the left instead of the right as provided in sec. 1636—49*b.* The same rule is held as to violation of sec. 1809, regulating the rate of speed of railroads, in *Ellis v. C. & N. W. R. Co.* 167 Wis. 392, 402, 167 N. W. 1048.

There is nothing to the contrary in the two cases relied upon by appellant of *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899, involving the statute prohibiting the sale of toy pistols; or *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84, involving the employment of minors in prohibited occupations (sec. 1728*a*).

In the *Pizzo Case* it is said, referring to the wholesale dealers who sold to the retail dealers, also defendants, "The original sale was the initiating cause to which all others tied naturally in proximate relation" (p. 239). The *Pinoza Case* decided only that contributory negligence cannot be

interposed as a defense by one who is sued for injuries caused by his actual or constructive intent to violate such a law as sec. 1728a, designed to protect persons against bodily injuries.    Page 481.

The same rule has been held in similar cases to that here presented in *Allen v. Pearson*, 89 Conn. 401, 94 Atl. 277; *Farrington v. Cheponis*, 84 Conn. 1, 8, 78 Atl. 652.

Under this view there is nothing in this record which would support findings, if any such were made, that either the driving of the automobile without the consent of the owners or with the muffler open could be held to have any causal connection with this particular accident, and they are therefore dismissed from this case.

Independently of the separate and independent question as to whether there was a want of ordinary care on the part of the driver of the automobile in which plaintiff was seated which may have proximately contributed to the accident, there are two questions involved which might be properly submitted to a jury.    First, Was the condition of the driver at the time of the accident such as to meet the meaning of the word "intoxicated" as it appears in the section in question? and secondly, If such condition did exist, was such condition a proximate cause of the accident?

On the first question no precise definition of what is intoxication is made by the statute, nor will we undertake in that behalf to do more than say that it is evidently intended that the fact must appear that the driver's indulgence in the use of intoxicating liquors was such as to result in an appreciable interference with the exercise by him of ordinary care in the management of such vehicle.

In *Briffitt v. State*, 58 Wis. 39, 43, 16 N. W. 39, this court declared that judicial knowledge would be taken of such a matter of common knowledge as that beer and other alcoholic liquors are intoxicating.

It also follows as a corollary that the consumption of sufficient quantities thereof will produce intoxication.    But

in the quantitative analysis that must be made in cases like the present there are always two elements: the constant or intoxicant and the ever-variable, that is, the capacity and re-sisting power of the individual who imbibes. Of the con-stant we are bound to know, but of the variable, judicial knowledge, which at the best must be assumed to be purely academic on such a subject, cannot be charged upon the court as a matter of law.

Therefore both of the questions suggested above as neces-sary for determination under the statute and upon the record herein are for the jury, and the circuit court was right in so holding.

*By the Court.*—Order affirmed.