TRUDELL and another, Appellants, vs. JAMES CAPE & SONS COMPANY, Respondent.

*February 12—June 22, 1925.*

*Automobiles: Law of the road: Collision with towed automobiles: Lights: Proximate cause: Time of accident: Question for jury.*

1. Where the time of day at which an automobile collision occurred became important as bearing upon light conditions and because of an order of the industrial commission that trailers towed behind motor vehicles carry side lights until thirty minutes before sunrise, and neither party to the accident could definitely state the time, a question of fact was presented for the jury under all the circumstances of the case, and the court was not justified in changing a finding that the time was 5:30 in the morning. p. 280.

2. In an action for damages resulting when an employee of defendant ran its car across a road and into cars being towed by plaintiff, the defense that the towed cars had no side lights, as required by an order of the industrial commission, is inapplicable in view of a provision of another order that no lights are required except from thirty minutes after sunset to thirty minutes before sunrise and the jury's finding that the accident occurred only shortly before sunrise. p. 281.

3. The failure of the party towing the cars to have side lights thereon is no defense to an action for injury to the towed cars, where the jury found that such failure was not the proximate cause of the collision. p. 281.

4. Under evidence which disclosed that there was sufficient light to distinguish objects one hundred and fifty to two hundred feet away, that one of the towed cars had a spot light, and that the driver of defendant's automobile crossed to the left of the center of the highway and bumped into the plaintiffs' automobiles, the court was not justified in changing the answers of the jury which placed responsibility for the accident on the defendant.  p. 281.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed, with directions.*

This was an action for damages resulting from an automobile collision.  The case was tried before a jury and a special verdict rendered favorable to the plaintiffs.  The answers in the special verdict were changed by the court and judgment entered in favor of the defendant, from which plaintiffs appeal.

Two actions were combined and tried as one case.  The facts were quite simple.  The plaintiff *Walter J. Trudell,* with his wife, sitting in the front seat with him in a Buick car, were towing two cars in the rear of the Buick from Chicago to Milwaukee.  The first car to the rear of the Buick about eight feet was a Ford, and the second car, about eight feet to the rear of the Ford, was a Briscoe.  Both of the towed cars were light racing cars, about four feet in height, with no tops.  The Buick car was a touring car with the top up.  The parties left Chicago about 7 o'clock in the evening of September 16, 1923.  *Floyd Trudell* was in the Ford car, steering it, and *Russell Trudell* was in the Briscoe car, steering it.  They arrived at a point about half way between Kenosha and Racine in the early morning, and were going north toward Milwaukee on the right-hand side of the road.  The road at that point was composed of about eighteen feet of cement highway with graveled surface on either side; of eight or nine feet.  The cars were traveling with the left wheels on the cement and the right wheels on

the graveled portion of the road. The Buick had its head-lights on. The Briscoe had a tail light, and a spot light in front near the radiator. The cars were traveling from twelve to fifteen miles an hour.

The defendant was going south on the same highway in a Ford coupé. He passed the Buick safely, ran into the side of the Ford in tow, and then into the Briscoe, result-ing in turning his car completely around and tipping it over on the easterly side of the highway. The cement highway was marked with a black line in the center, and the plaintiffs' cars were on the right side of the black line, and the ac-cident happened by the defendant crossing over from his right side to the wrong side and striking plaintiffs' cars. The evidence is largely undisputed as to how the accident happened. The defendant was entirely unable to account for the accident. The jury found that the defendant, im-mediately before the collision, operated his car recklessly at a greater rate of speed than was reasonable and proper, having regard to the width, traffic, and use of the highway, and the general and usual rules of the road, so as to en-danger the property, life, or limb of any person; at a rate of speed not in excess of thirty miles an hour; without keeping a proper lookout for approaching travelers; and proceeding south on the wrong side of the highway. They found that such operation of defendant's car was the proximate cause of damage to the Briscoe automobile and of injuries to the driver, *Russell Trudell,* and fixed the damages to the Briscoe automobile at $250 and for the personal injuries to *Russell Trudell* at $100. The jury further found that there was no side light visible from the front or rear on the left side of the towed Ford or Briscoe automobiles, but they found that such failure to have side lights on the cars was not the proximate cause of the collision and resulting injuries. They further found that immediately prior to the collision there were no lights on the towed automobiles to give notice or warning that any automobiles were being towed behind the Buick, but that the failure to display such lights was not the

proximate cause of the injuries.   The jury further found that the plaintiffs' automobiles were not driven at a greater rate of speed than reasonable under the circumstances, and that no want of ordinary care on the part of the driver of the Buick contributed to the damage to plaintiffs' cars.  They found that *Walter Trudell* and *Russell Trudell* were engaged in a joint enterprise.   They also found that the want of ordinary care on the part of the driver of defendant's car proximately contributed to cause the collision, and that the defendant's car was damaged to the amount of $123.10, and found that the time of the accident was 5:30 a.m. September 17th.

The court changed all the answers favorable to the plaintiffs, except as to the amount of damages to the car and to the person, so that the answers as changed were favorable to the defendant, and fixed the time of the collision as 4:20 a.m. of that day instead of 5:30 a.m.

The court thereupon entered judgment in favor of defendant for the damage to its car, and denying judgment for plaintiffs.   Plaintiffs appeal and assign as error the failure of the court to grant judgment for plaintiffs on the verdict.

For the appellants the cause was submitted on the brief of *Joseph F. Schoendorf* of Milwaukee.

For the respondent there was a brief by *Walter F. Mayer* and *James E. Coleman,* both of Milwaukee, and oral argument by *Mr. Mayer.*

The following opinion was filed March 10, 1925:

CROWNHART, J.   The only question in this case is whether there was credible evidence to support the verdict of the jury.   The plaintiffs both testified that the time of the accident was between 5 and 5:30, and they thought it was about 5:30.   On the question of time of the accident *Walter J. Trudell* testified that—

"The accident happened closer to 5:30 than to anything else. . . . It was breaking daylight; in fact, we would have been just as well off without lights as we would have been

with lights. . . . I think it was more daylight than it was dark. . . . I had no trouble to see 150 to 200 feet ahead without any trouble at all."

*Russell Trudell* testified that—

"It was approximately between 5 and 5:30, as my brother says. . . . You could see about 200 feet ahead without lights."

The weather was clear and the sun rose on September 17th at 5:34 a.m. The defendant testified that the accident happened at about 4:20 a.m.; that he had left his place, about four miles from the accident, a minute or two after 4; that "the time I leave my home usually depends on the place I am working. I was headed for Libertyville at the time of the accident; I wanted to be at Libertyville at 7 o'clock. Libertyville is about thirty-five or thirty-six miles from where I live."

Under this testimony it would seem that the question of time was for the jury. Neither party could definitely state the time. It is true that the defendant definitely fixed the time that he left his home, but the jury might well believe him mistaken as to that. He had only thirty-six miles to go, was driving at the rate of twenty miles an hour, and did not wish to arrive at Libertyville until 7 o'clock. If he left at 4:02 he started more than an hour earlier than necessary. The jury probably came to the conclusion that he left home at 5:02 instead of 4:02, and that is the more reasonable view of the matter. The defendant, when interrogated as to how the accident happened, said:

"I don't know how the accident occurred, at all. I first saw the two rear cars which were being towed by the Buick car after the party picked me up. I at no time saw them before that. There were lights on the Buick car. . . . The Ford and Briscoe cars were right back of the Buick car immediately after the accident. They were located on the east side of the road. . . . I didn't look as to whether or not there were any headlights on the Ford or Briscoe. . . . I did not apply my brakes at any time. I never knew what

happened. . . . I didn't see any cars swing out to the middle of the road."

On this testimony we are at a loss to see how the court was justified in changing the answers of the jury. It seems plain that all the questions involved were questions of fact for the jury to pass upon. Aside from the time of day there was no substantial dispute as to the facts. Clearly, under the testimony the defendant ran across the center of the road without any excuse and bumped into the plaintiffs' cars. Without dispute there was a spot light on the Briscoe car which could be seen by the defendant, and there is no dispute but that it was light enough for persons to see 150 feet to 200 feet ahead.

The defendant claims that the plaintiffs should have had side lights on the Ford and Briscoe cars, and cites order 2155 of the industrial commission, which reads as follows:

"Every trailer, except small two-wheeled trailers of 1,000 pounds capacity or less, which are towed closely behind a motor vehicle, shall display a side light, visible from both front and rear, on the left side."

But no lights are required except from thirty minutes after sunset to thirty minutes before sunrise. Order 2151, Industrial Commission. So, under the finding of the jury, no side lights were required, and in any event the jury found that the lack of side lights was not the proximate cause of the accident. Besides, unless there is a causal connection between the failure to have lights and the accident, such failure to have lights was not a defense. *Steinkrause v. Eckstein*, 170 Wis. 487, 490, 175 N. W. 988, and cases cited.

*By the Court.*—The judgment of the circuit court is reversed, with directions to reinstate the verdict of the jury as rendered, and enter judgment thereon for plaintiffs.

A motion for a rehearing was denied, with $25 costs, on June 22, 1925.