[Civ. No. 7141. First Appellate District, Division One.—September 26, 1930.]

ELLEN YATES, Respondent, v. GEORGE BRAZELTON, Appellant.

John Ralph Wilson and Carl E. Day for Appellant.

Joseph L. Taaffe and John J. Taaffe for Respondent.

LUCAS, J., *pro tem.*—In this action plaintiff and respondent was awarded damages by a jury in the trial court for the death of her nineteen year old son who was killed in a colli-

sion between the automobile in which he was riding as a guest and one driven by defendant and appellant. The latter seeks a reversal of the judgment on the verdict, and a new trial on the ground that the court gave an erroneous instruction and erroneously refused to give certain other instructions.

The uncontradicted evidence shows that respondent's son, Thomas Yates, met Henry Thomas and Frank Dubetz about 9 o'clock on the evening of February 21, 1928. After stopping at a club in Daly City and at a dance in South San Francisco the three young men proceeded southerly down the highway toward San Mateo in a Ford coupe driven by Henry Thomas. They had a half-pint bottle of whisky with them, from which they each took two or three drinks. At San Bruno they each had a drink of near beer. Shortly after midnight they reached a point a little south of Millbrae. Here, while on the extreme right-hand side of the paved portion of the highway, the automobile in which they were riding was struck in the rear by the car driven by appellant. As a result of the impact respondent's son received injuries from which he died the following day.

The highway for a distance of 1,000 feet north of the place where the accident occurred and for a distance of 2,000 feet southerly therefrom was free from obstructions and practically straight. At all points on this stretch of highway the roadway was sixty-two feet wide, the central forty feet thereof being paved with cement and bitumen, and divided into four traffic lanes, each ten feet wide. The highway was fenced on either side and the spaces between the pavement and the fences were macadamized roadways. Within the lines of the fences were eucalyptus trees, the branches of which extended out over the highway.

On certain subjects the testimony is conflicting. Thomas and Dubetz testified that the Thomas car at the time of the collision was traveling at the rate of twenty-five or thirty miles per hour, that none of its three occupants was intoxicated, that the headlights of the car were lighted, and that there were no other automobiles approaching them from a southerly direction immediately before or at the time the accident occurred. Thomas further testified that when the switch which lit the headlights of his car was turned on it

caused the tail-light to be lighted, and that shortly before the accident and about the first of the year he had the lights of his car officially tested, receiving a card indicating that they were in perfect condition. He produced the card to substantiate this statement.

Appellant testified that an instant before the accident he was blinded for a moment by the lights from a car traveling north, that he did not see the Thomas car until just before he crashed into it, although the headlights of his car were on and in good condition, and that while traveling at approximately but thirty miles an hour he could not avoid the collision. The Thomas car, he said, had no tail-light burning, and at the time of the collision was either parked on the highway or barely moving.

Mrs. Brazelton, who was riding with appellant, testified that she did not see any rear light on the Thomas Ford.

On the subject of intoxication, both Brazelton and Carl G. Janson, who arrived at the scene of the accident shortly after it occurred, testified that Thomas and Dubetz appeared to be intoxicated, and Doctor Benner, who treated Yates for his injuries, testified that Yates' breath smelled strongly of liquor and that his *vomitus* was strong with liquor. In addition, Walter J. Brown, an automobile repair man, testified that in his opinion, judging from the appearance of the colliding cars, the Ford when struck by appellant's car was either standing still or traveling very slowly.

At the conclusion of this testimony the court instructed the jury generally as to the law of the case. The one instruction assigned as error follows:

"You have heard the testimony to the effect that the decedent and the two young men who were with him at the time of the accident, had prior to the accident taken strong drink. That testimony was received, or it was by the court permitted to be received, not that a man under the influence of liquor, if any of these young men were, and whether they were or not is for you to say and not for me, in view of the evidence; if they were under the influence of liquor it is hardly necessary for me to say that you do not thereby place these young men, in a sense, beyond the pale of the law. The court permitted that testimony to come in that you may consider whatever weight, under the circumstances,

it is entitled to receive as tending to show or illustrate the observational powers and memory of the two surviving young men who testified here as witnesses.''

The following instructions requested by appellant were refused:

''You are instructed that an automobile passenger is responsible for his own negligence and is bound to exercise ordinary care for his own safety even though the car is operated by another.

''And if you find that the driver of the automobile in which deceased was riding had stopped the car at a dark spot on a heavily traveled highway, and without any or adequate lights in the rear, and further find that deceased knew, or should have known, of such facts, and that deceased neither removed himself from the car nor took any precautions for his own safety, then it is for you to determine whether or not deceased's conduct amounted to negligence barring a recovery by plaintiff.''

''You are instructed that the California Vehicle Act provides that every motor vehicle upon any public highway shall, during the period from a half hour after sunset to a half hour before sunrise, carry at the rear a lighted lamp exhibiting a red light plainly visible under normal atmospheric conditions for a distance of 500 feet toward the rear. Violation of this statute amounts to negligence in itself.

''Therefore, if you find that there was no such light at the rear of the car in which deceased was seated at the time of the accident, and that deceased was either negligent in being in such car at the time and place of the accident without taking precautions for his safety, or that the negligence of the driver of the car in being without such rear light was imputable to deceased under the instructions given or to be given to you, then your verdict must be for defendant.''

''You are instructed that the California Vehicle Act provides that outside of a business or residence district a vehicle standing upon a highway shall, during the period from a half hour after sunset to a half hour before sunrise, carry at the rear a lighted lamp exhibiting a red light plainly visible under normal atmospheric conditions for a distance

of 500 feet toward the rear. Violation of this statute amounts to negligence in itself.

"Therefore, if you find that there was no such light at the rear of the car in which deceased was seated at the time of the accident, and that deceased was either negligent in being in such car at the time and place of the accident without taking precautions for his safety, or that the negligence of the driver of the car in being without such rear light was imputable to deceased under the instructions given or to be given to you, then your verdict must be for defendant."

"You are instructed that, if you find that the lights of an approaching automobile blinded defendant a moment before the accident, then it is for you to determine whether or not, under such circumstances, defendant was guilty of negligence in not seeing the Ford car. If you believe that defendant was so blinded and that, under such circumstances he was not guilty of negligence in not seeing the Ford car or in any other respect, then your verdict should be for defendant."

Criticism is leveled at the trial court for its action in the giving of the instruction first above quoted on the ground that by so doing the court practically negatived the principal defense of appellant, namely, that deceased was guilty of contributory negligence in riding with an intoxicated driver. We find no merit in this contention. ██ The only evidence tending to prove that Thomas, the driver of the car in which respondent's son was riding, was guilty of any act contributing either directly or indirectly to the accident was the highly controverted testimony that he either stopped his car upon or drove his car along the extreme right-hand side of a public highway after dark without a lighted tail-light. Such act (if any) became negligent only if he knew, or in the exercise of ordinary care ought to have known, that the tail-light was not burning.

██ Bearing in mind the undisputed testimony that the headlights of the Thomas car were lighted at the time of the accident, that the electric wiring was such that when the switch was so turned as to light the headlights the tail-light also lighted, and that the lighting system a short time before had been officially tested and approved, and having also in mind the language and reasoning in the case of

*Berkovitz* v. *American River Gravel Co.*, 121 Cal., at 199 [215 Pac. 675, 677], wherein it is said that "it cannot be the intention of the law that a watchman must be maintained over the rear light to observe whether it is constantly burning" and that "while ignorance of the law is no excuse, ignorance of the fact, where ordinary care has been exer-, cised, is a sufficient excuse", we feel that the record discloses no showing of wrongdoing or of negligence on the part of the said Thomas. ■ Assuredly there was none sufficiently attributable to his alleged state of intoxication as to bring young Yates within, the rule that in certain circumstances it is independent negligence on the part of a guest to ride with an intoxicated driver.

■ If at the time of the accident Thomas was free from negligence contributing thereto, his condition as to sobriety or intoxication would be immaterial and respondent's son could not properly be charged with contributory negligence in riding with him.

■ While it is true, as appellant points out, that driving an automobile on the public highway while intoxicated is unlawful and constitutes negligence *per se,* it is also true that unless such negligence in some manner contributes to the injury complained of it is neither actionable when sued upon, nor does it constitute a defense under a plea of contributory negligence.

It is to be noted also that respondent offered no instruction on the subject, complaining only that the court should not, in its own instructions, have limited the jury's consideration of the subject of intoxication to the question of credibilty of the witnesses.

■ As to the three instructions requested by appellant in reference to alleged negligence on the part of respondent's son because he remained in the Thomas car when the taillight was not lighted, there being absolutely no evidence in the record that deceased had knowledge of such fact, if it was a fact, and no evidence tending to show that he should have had such knowledge, these instructions were properly refused.

■ It certainly cannot be successfully contended that it is incumbent upon a guest before accepting the offer of a pleasure ride in his host's automobile to make an inves-

tigation of all safety appliances and to assure himself that the driver is complying with all the rules of the state vehicle department. Particularly is this true when under the authorities such a ride cannot be considered a joint undertaking.

The remaining instruction offered by appellant and refused by the court was also properly refused. Its effect was to instruct a verdict for the appellant provided the jury believed that he was blinded by the lights of an approaching automobile and therefore concluded that he was neither negligent in failing to see the Thomas car nor in other respects. The jury were not entitled to conclude simply because appellant may have been momentarily blinded by an oncoming car that he was free from negligence in all respects or in any respect. The adoption of such an instruction as law could defeat recovery in any rear-end collision case, no matter how free from negligence the injured party might be.

Finding no evidence of contributory negligence in the record it is unnecessary to discuss the remaining point presented by the briefs, as to whether or not such defense was properly pleaded.

The judgment appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 4, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 24, 1930.