Bright *v.* Stettenbauer, Appellant.

Argued April 17, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Geo. Eves,* for appellant.

*Chas. W. Matten,* with him *J. Wendell Coblentz,* for appellee.

OPINION BY MR. JUSTICE DREW, October 7, 1940:

The plaintiff was seriously injured by being struck by defendant's automobile. The place of the accident was the Schuylkill Avenue Bridge in the City of Reading; and the time of the accident—one o'clock of the morning of January 22, 1938. The plaintiff was walking longitudinally on the cartway of the bridge. He said he was in that unusual place for a pedestrian because the sidewalk was covered with ice and it was safer to walk in the cartway. The defense was that he was in a very intoxicated condition and did not know where he was, as a result of which, so defendant claimed, he was guilty of contributory negligence. This was denied by plaintiff. After a verdict for plaintiff and refusal of defendant's motions for judgment n. o. v. and for a new trial, this appeal was taken.

There was a wealth of testimony that plaintiff was intoxicated at the time of the accident. The hospital record, which was excluded for a reason which was inadequate, stated that the patient "reeked with alcohol." A police officer, who saw plaintiff after the accident, testified he was "Pretty strong with alcohol." A witness, who helped pick him up when he had fallen twice before the accident, said that "I smelled he had drink." The conductor of a trolley car on which he rode for a short distance testified that "When he made the last step up [to get on the trolley car] he nearly fell back off the car, I grabbed him by his coat and pulled him in . . . he staggered like towards a little seat, a single seat in the back, and he sat down, and I asked him for his fare. He was fishing around his pockets, couldn't find no money. . . . He got . . . off the car, staggered off. . . . He nearly fell getting off."

The plaintiff admitted that he had spent two and one-half hours in saloons immediately prior to the accident, but asserted that he had had only one glass of whiskey and three glasses of beer, and denied he was intoxicated.

The learned trial court in its oral charge made but slight reference to the evidence showing intoxication, merely referring to the matter, in passing, as to the duty of a driver not to run down a pedestrian in the street, whether drunk or sober. The learned trial judge in no way charged the jury that intoxication tends to negligence. He should have informed the jury that, if intoxication were proved to exist, then it should determine whether such an intoxicated person did act as a reasonably prudent person under the circumstances. "Intoxication, if it were a fact, would not prevent recovery but its importance would lie in strengthening the probability that the plaintiff did not use his faculties as a reasonably prudent person would use them under the circumstances.": *Zenuk v. Johnson,* 114 Conn. 383, 388, 158 A. 910, 911. The failure to instruct on the question of intoxication as it bears upon the question of contributory negligence, when there was evidence that plaintiff was intoxicated, and particularly when it was defendant's principal defense, was reversible error. Justice can be served only by the granting of a new trial.

Judgment reversed; and a venire facias de novo awarded.

Mr. Justice MAXEY dissents and would affirm the judgment of the court below.