## McCLUSKEY v. McGREGOR.

### No. 2660.

Court of Civil Appeals of Texas. Eastland.

Feb. 13, 1948.

Marshall, King & Rodgers, of Graham, for appellant.

Brooks, Duke & Templeton, of Abilene, for appellee.

LONG, Justice.

McGregor sued McCluskey for damages growing out of an automobile collision in the City of Abilene. McCluskey filed a plea of privilege to be sued in Young County, where he resides. McGregor controverted such plea and sought to hold venue in Taylor County under Subdivision 9 of Article 1995 of Revised Civil Statutes on the ground, among others, that McCluskey was operating his automobile at the time of the collision while under the influence of intoxicating liquor. Upon a hearing before the court without a jury, the plea of privilege was overruled. McCluskey has appealed.

·McCluskey contends that there is, as a matter of law, no evidence to sustain the court's judgment overruling the plea of privilege. We do not agree with this contention. McGregor, with his wife and son nine years of age, had stopped in his automobile at about 8:00 o'clock on the evening of September 12, 1946, at a stop light at the intersection of Sayles Boulevard and South First Street in the City of Abilene. The traffic on that occasion at that place was very heavy. McCluskey, with two companions, was travelling west on South First Street about thirty miles per hour on his way to a ball game. McCluskey was driving the car. Without any apparent excuse, McCluskey drove his car into the rear of McGregor's car and as a result thereof, the car was badly damaged and McGregor received a serious injury to his arm at the left elbow. It is undisputed that McCluskey had been drinking intoxicating liquor that afternoon. Immediately after the collision, he walked over to McGregor's car and said to McGregor's wife, "Darling, are you hurt?"

McCluskey was detained by the City Police at the City Hall for some three hours after the collision. No complaint was filed against him. However, it is our view that the trial court was justified in finding from the facts and circumstances in evidence that McCluskey at the time of the collision was driving his automobile while under the influence of intoxicating liquor, in violation of Art. 802, P.C. Vernon's Ann.P.C. art. 802, and that same was a proximate cause of the collision in question and Mc-

Gregor's damages resulting therefrom. The trial court did not err in overruling the plea of privilege.

The judgment of the trial court is affirmed.