**MAITLAND v. SANTOR et al.**

No. 11899.

Court of Civil Appeals of Texas. San Antonio.

Nov. 12, 1948.

Archie S. Brown, Jr. and Leonard Brown, Jr., both of San Antonio, for appellant.

J. McCollum Burnett and Russell S. Ponder, both of San Antonio, for appellees.

MURRAY, Justice.

This is a plea of privilege case. The suit was instituted in the 73d District Court of Bexar County, Texas, by Walter Santor and Matilda Santor, for themselves and as next friend of their minor son, John Santor, against Lester J. Maitland, seeking to recover damages for personal injuries allegedly sustained by John Santor when he was struck by a truck being driven by defendant. Maitland filed a plea of privilege to be sued in Kendall County, the county of his residence. A jury trial was had and resulted in judgment overruling defendant's plea of privilege, from which judgment Lester J. Maitland has prosecuted this appeal.

Appellant first contends that he was surprised as a result of the trial court permitting the appellees to amend their pleadings after an announcement of ready and after the selection of a jury had begun. Appellees had alleged in their petition that the collision occurred within the corporate limits of the city of San Antonio but had neglected to allege that said city was located in Bexar County, Texas. However, in their controverting affidavit plaintiffs did allege that San Antonio was in Bexar County, Texas. In view of the fact that the suit was filed in the District Court of Bexar County, Texas, and the controverting affidavit alleged that San Antonio was located in Bexar County, Texas; and in view of the further fact that San Antonio is one of the largest cities in the State of Texas and the county seat of Bexar County, and that the appellant lived in Kendall County, which is an adjoining county to Bexar, we are of the opinion that appellant was not so surprised by the filing of the trial amendment alleging that the City of San Antonio was in Bexar County, Texas, as to entitle him to withdraw his announcement of ready and have the cause continued. The trial court did not abuse his discretion in refusing to permit appellant to withdraw his announcement of ready and have a continuance of the hearing.

The case was submitted to the jury on four special issues. The first and second issues were answered favorably to appellees, the third was answered favorably to appellant, and the last issue was not answered, therefore the judgment is based upon the jury's answers to issue Nos. 1 and 2.

These two issues are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that at the time the defendant's truck struck the plaintiff, John Santor, the defendant was under the influence of intoxicating liquor?"

"Question No. 2: Do you find from a preponderance of the evidence that the defendant, being under the influence of intoxicating liquor, if you have found that he was, was a proximate cause of John Santor being struck by defendant's truck?"

It is clear that before appellees could maintain venue of this cause in Bexar County under Sec. 9 of Art. 1995, Vernon's Ann.Civ.Stats., they would be required to secure a finding from the jury that appellant was guilty of negligence and that such negligence was the proximate cause of John Santor's injuries.

We will here presume without deciding that issue No. 1 was sufficient to constitute a finding that appellant was operating his truck while under the influence of liquor and that such act was negligence per se. But we cannot conclude that issue No. 2 is a finding that such negligence was the proximate cause of appellees' injuries.

If a strict construction of the language used in issue No. 2 is taken it would be an inquiry as to whether the defendant was the proximate cause of John Santor being struck by defendant's truck, the phrase, "being under the influence of intoxicating liquor, if you have found that he was" being merely descriptive of the defendant. This construction would render this issue meaningless insofar as a finding of proximate cause is concerned.

However, if we give a more liberal meaning to this language, it might be construed as an inquiry as to whether the defendant's "being under the influence of intoxicating liquor" was the proximate cause of John Santor being struck by defendant's truck. Still this would not be a finding on proximate cause such as would support a finding that a trespass had been committed in Bexar County. A person's driving while intoxicated simply cannot be the proximate cause

of an injury. Even though a person is intoxicated, if he drives properly his being intoxicated cannot be the proximate cause of another person's injury. If he drives on the wrong side of the road, fails to keep a proper look-out, fails to stop, fails to apply his brakes, drives at an excessive rate of speed, or in a careless or reckless manner, under all the circumstances, then such acts or some similar act might be found to be the proximate cause of the injury, but not, merely a person's intoxication. It will be recalled that the question asked did not go so far as to ask if "his driving while under the influence of liquor" was the proximate cause of the injury, but only if "his being under the influence of intoxicating liquor" was the proximate cause.

For the error pointed out, the order overruling the plea of privilege is reversed and judgment here rendered granting such plea of privilege, and the cause will be transferred to the District Court of Kendall County, Texas, in keeping with the provisions of Rule 89, Texas Rules of Civil Procedure.

On Motion for Rehearing.

We have concluded that we went too far in our statement that "A person's driving while intoxicated simply cannot be the proximate cause of an injury." We think there is good authority, principally from foreign jurisdictions, for this statement. In St. Louis, S. F. & T. R. Co. v. Morgan, Tex. Civ.App., 220 S.W. 281, it is stated: That an automobile driver approaching a crossing was under the influence of intoxicants would be a fact the jury had a right to consider in determining whether he was guilty of contributory negligence, but it would not of itself convict him of such negligence.

In Yates v. Brazelton, 108 Cal:App. 533, 291 P. 695, 697, it is said:

"While it is true, as appellant points out, that driving an automobile on a public highway while intoxicated is unlawful and constitutes negligence per se, it is also true that, unlesss such negligence in some manner contributes to the injury complained of, it is neither actionable when sued upon, nor does it constitute a defense under a plea of contributory negligence."

In Heald v. Milburn, 7 Cir., 125 F.2d 8, 11, it is said:

"There was substantial evidence that immediately thereafter appellant was in such an intoxicated condition as to be unable to talk or act intelligently. * * * The jury was warranted in finding that the drinks caused him to lose control of his car and swerve over into that of appellees. While intoxication in and of itself does not constitute negligence, nevertheless it is a material element in the issue of negligence."

In Allen v. Pearson, 89 Conn. 401, 94 A. 277, at page 278, it is stated:

"If Pearson was operating his motorcycle on the highway while under the influence of intoxicating liquor at the time of his injury, he was violating chapter 85, Public Acts of 1911, but that fact would not be enough to change the result of the former trial. The plaintiff would be required to go further, and introduce evidence to show that such violation of the statute was a proximate cause of Pearson's injuries. Farrington v. Cheponis, 84 Conn. 1, 8, 78 A. 652. The statute imposes a penalty for such violation, but it does not provide that the violation shall prevent a recovery of damages for injuries inflicted upon the offender by a third person where the violation of the statute was not a cause of such injuries. The petition does not allege that the plaintiff has new evidence to establish this fact, the evidence on the former trial does not establish it, and it would be useless to have a new trial without evidence to show that the defendant's injuries were caused in whole or in part by his intoxication."

In Labrecque v. Donham, 236 Mass. 10, 127 N.E. 537, 539, it is said:

"If the plaintiff's intestate was intoxicated at the time of the accident, this alone does not prevent her maintaining this action and the jury were so instructed; but if his intoxication contributed to the injury in any degree, she cannot recover."

See also: Sugar v. Hafele, 179 Md. 75, 17 A.2d 118; Bright v. Stettenbauer, 339 Pa. 545, 15 A.2d 676.

However, these authorities are in conflict with Peveto v. Smith, 134 Tex. 308, 133 S.W.2d 572, affirming Tex.Civ.App., 113 S.W.2d 216, and McCluskey v. McGregor, Tex.Civ.App., 208 S.W.2d 688, so we retract that statement which was unnecessary

to the decision. This does not change our holding that the issues submitted and the jury's answers thereto do not support the judgment of the trial court.

We have decided that the ends of justice will be better served by reversing and remanding rather than reversing and rendering this cause. Jackson v. Hall, Tex. Sup., 214 S.W.2d 458.

Appellees' motion for a rehearing will be granted to the extent that this cause will be remanded for a new trial rather than ordered transferred to Kendall County.

Accordingly, our judgment heretofore rendered on November 10, 1948, will be set aside to the extent that this cause will be remanded for a new trial and not ordered transferred to Kendall County.