GREAT CENTRAL INSURANCE COM-
PANY, Appellant,

v.

Carlton MARBLE, Jr., et al., Appellees.

No. 18454.

United States Court of Appeals
Eighth Circuit.

Dec. 20, 1966.

Robert L. Shirkey, Kansas City, Mo.,
for appellant. Winn M. Thurman, Kan-
sas City, Mo., was with him on the brief.

Elvin S. Douglas, Jr., of Crouch,
Crouch, Spangler & Douglas, Harri-
sonville, Mo., for appellees Woods and
Yoakums. Robert W. Spangler, Harri-
sonville, Mo., was with him on the brief.

No brief or argument for appellee Carlton Marble, Jr.

Before BLACKMUN, MEHAFFY and LAY, Circuit Judges.

BLACKMUN, Circuit Judge.

Great Central Insurance Company instituted this diversity action for a declaratory judgment. It had issued a Garage Liability Policy to Carlton Marble, Jr. and it seeks to be absolved from responsibility with respect to a Missouri accident in which Marble was involved. The defendants are Marble and persons who assert personal injury and other claims as a result of the accident. Judge Hunter entered judgment for the defendants.

The insured Marble operated a Skelly service station in Harrisonville, Missouri. He did mechanical work in connection with his station. Specifically, he had modified a certain Hudson automobile, which he did not own, to make it comply with stock car race track requirements.

At the time of the accident Marble was driving a pickup truck towing the Hudson south from Harrisonville to Butler, Missouri, where he was to drive it in a stock car race. This was a dead tow in the sense that no one was in the Hudson and its engine was not operating. As Marble and his tow were passing another vehicle, a station wagon coming from the south collided, not with the truck, but with the towed Hudson. There were damages and injuries to occupants of the station wagon.

Great Central's policy afforded protection to Marble for liability and legal defense for which he should become obligated because of an accident arising out of "ownership, maintenance or use" of his repair shop and service station or out of his operation or use of any automobile in connection therewith. Coverage of the truck at the time of the accident is conceded. The policy, however, contained an exclusion clause applicable

"to such injury, sickness or disease or destruction arising out of the ownership, maintenance, operation or use of any structurally altered or specially designed automobile in any trial or test in preparation for or while going to or from, or operated in any race, time trial, speed contest or thrill show exhibition."

At the trial an issue was made as to the Hudson's nature but the court found that it had been so modified as to become a "racing car". This issue is not pursued by the appellees on the appeal. We therefore accept the status of the Hudson as a car specially designed for racing.

■ Missouri law, of course, applies.

No question is raised as to the towing. Indeed, it appears to be agreed that if the Hudson had not been modified and if it, so unmodified, were being so towed at the time of the accident, coverage would be afforded. Great Central, however, takes the position that because the Hudson at the time was "going to" a race, the quoted exclusion clause is applicable and no coverage is present.

The insurer's argument persuades us no more than it did Judge Hunter. Once coverage for the truck is conceded and once towing is accepted as not being a disqualifying operation, we conclude readily that coverage is afforded under this policy and that this is among those incidents which service station insurance is intended to protect. Here was a tow from the station by a station vehicle of another vehicle upon which work had been performed at the station.

■ The manifest reason for the exclusion is the elevated risk otherwise attendant upon this particular type of vehicle when it is in a race or is being operated while going to or from a race. When the driverless Hudson was being towed it was not being operated and the risk was no more elevated and no different than if it had been an ordinary vehicle or deadweight freight.

No case applying this particular exclusionary clause to this kind of fact situation has been cited to us by counsel and we have found none. But see Trudell v. James Cape & Sons Co., 187 Wis. 276, 202 N.W. 696 (1925). Great Central presses upon us four Missouri cases

which it claims are supportive of its position. We find them unhelpful.

Three of the cases concern accidents with towed vehicles. Two of the three have to do with insurance inclusion or coverage in connection with the "ownership, maintenance or use" of the towing vehicle. In Central Surety & Ins. Corp. v. New Amsterdam Cas. Co., 359 Mo. 430, 222 S.W.2d 76 (1949), the obligation of one insurer in this respect was conceded; similar coverage by another insurer would have been present except for an exclusion with respect to automobiles "while away from premises owned, rented or controlled by the named insured". In Quality Dairy Co. v. Ft. Dearborn Cas. Underwriters, 16 S.W.2d 613 (Mo.App. 1929), coverage was held to be present when a towed wagon became detached and collided with an automobile. These results correspond with Great Central's basic and conceded obligation with respect to the pickup truck here. The Missouri courts' emphasis upon the source of the moving power in the vehicle specifically named in the contract is, however, of interest and of some significance.

The appellant's third case, Hewitt v. Masters, 386 S.W.2d 9 (Mo.1964), did not involve insurance at all. The ultimate holding was that a father driving a Dodge truck and his son steering a Ford towed by that truck were "joint operators of the Dodge truck and the towed Ford", within the reach of the Missouri statute, V.A.M.S. § 304.010, which at that time imposed a standard of "the highest degree of care" for the operation of a motor vehicle. But the towed Ford was not a dead tow. While it was pulled by a chain running through a pipe, it was independently and manually steered by the son. This factual distinction is important and renders the case of little significance here except as it might afford a parallel, for what it is worth, between that Ford and a towed racing car which, in contrast to the Hudson, was being manually and independently steered on its way to a race.

The fourth case is Schmidt v. Utilities Ins. Co., 353 Mo. 213, 182 S.W.2d 181, 154 A.L.R. 1088 (1944). There the court applied the words "arising out of the * * * use" of the insured truck to an accident where the plaintiff fell over blocks used in backing the truck over a sidewalk.

Great Central also argues that the word "operation" in an insurance contract has been held to apply to a stopped vehicle, Taylor v. Silver King Oil & Gas Co., 203 S.W.2d 147, 154 (Mo.App.1947), and that one may be regarded as operating a vehicle even though another is driving it. State Farm Mut. Auto. Ins. Co. v. Coughran, 92 F.2d 239, 242 (9 Cir. 1937), reversed on other grounds 303 U.S. 485, 58 S.Ct. 670, 82 L.Ed. 970.

■ The appellant would use all these cases as authority for a broad approach to its exclusion for a racing car "going to" a race. The precedent, or even analogy, is not apparent to us. That a policy's words of inclusion are to be broadly viewed and that its words of exclusion are to be narrowly considered does not create what the appellant suggests is an unfair and impermissible double standard. This is merely an accepted principle of insurance law and a fact of insurance life. See Stroehmann v. Mutual Life Ins. Co., 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732 (1937); Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99, 102, 57 A.L.R. 615 (1927).

■ Lastly, Great Central asserts that under the Missouri non-resident motorist statutes, V.A.M.S. § 506.200 et seq., Marble would clearly be held to be "operating" the racing car. This might be so but it is the operation of the pickup truck and not the tow which there would have the real significance. In any event, we do not regard judicial approach to a policy statute of that kind as precedent for the insurance exclusion clause presently before us.

We regard these several arguments as unavailing and affirm the judgment of the district court.